Romaness **BINGHAM**, Appellant,

v.

**DYERSBURG FABRICS COMPANY,
INC. and Liberty Mutual Insurance
Company, Appelles.**

Supreme Court of Tennessee.

June 12, 1978.

Joseph M. Boyd, Jr., Boyd & Honey, P.C., Dyersburg, T. Robert Hill, Hill & Sanders, Jackson, for appellant.

William B. Acree, Jr., Elam, Glasgow, Tanner & Acree, Union City, for appellees.

## OPINION

FONES, Justice.

This is a workmen's compensation case in which the employee appeals from the judgment of the trial court awarding him permanent partial disability benefits of 25% to the body as a whole for a lumbo-sacral strain. Employee contends that he is totally disabled.

Claimant was employed as a bobbin stripper for Dyersburg Fabrics. The only evidence that employee sustained an on-the-job injury was the testimony of employee himself; he testified that he felt a pain in his back while pushing heavy boxes. Employee went to a chiropractor and a number of doctors for his pain, but they did not help him, and he testified that he is in constant pain from the injury.

Employee collected twenty-six weeks of disability under an insurance policy carried by the employer for disabilities which were not work-related. Employee testified that he had told his foreman, plant manager, plant nurse, and insurance claims handler that his injury was job-related; all four denied having been told this.

Employee has a fourth grade education, and his work history consists entirely of manual labor. Employee testified that he has been unable to find a job that he can perform because of the pain in his back. His first two assignments of error allege in essence that there is no material evidence to support any conclusion except that employee is totally and permanently disabled.

The record shows that employee has simply not carried his burden of showing that he is totally disabled. See *Mazanec v. Aetna Ins. Co.*, 491 S.W.2d 616 (Tenn.1973).

Although employee consulted a number of doctors, the testimony of only two was admitted at trial, entirely through deposition; Dr. Marcus Stewart rated employee's permanent anatomical disability at 5% of the body as a whole, and Dr. Robert J. Barnett at 20%. Both physicians, orthopedic surgeons, testified that they were un-

able to find objective medical proof of employee's disability. Thus the proof of disability was grounded entirely on employee's subjective complaints.

■ Doctor Stewart's testimony indicated that employee's present pain was not a proper criterion for evaluation of his permanent occupational impairment; he testified that employee's pain was caused by muscle strain and weakness of the lower back, and that this condition would improve with proper exercise. The trial court, who hears the witnesses, is the best judge of credibility, and we will not disturb his findings on questions of fact if there is material evidence to support them. E. g., *Davis v. Gulf Ins. Group,* 546 S.W.2d 583 (Tenn. 1977).

In addition, there is material evidence in the record which affirmatively refutes employee's contention that he is permanently unable to work. Doctor Stewart testified as follows:

Q. Isn't it true that if a person's job requires a lot of bending or stooping or lifting, that a back injury would be more serious to him than it would be to someone whose job does not require all that?
A. Yes, sir, except five per cent is not very much and if you've got ninety-five per cent function, I think you could do most any job.

Employee alleges that the chancellor erred in refusing to consider in evidence a form letter purportedly received by him from the Social Security Administration reciting that employee had been found by an administrative law judge to be "disabled" under 42 U.S.C. §§ 416(i)(1) and 423(d) from July 12, 1973, (the date of the accident) through April 15, 1975, (the date of the decision of the administrative law judge). Employee says that no contention is made that the finding of the Social Security Administration is conclusive, but insists that "in other courts where this issue has been squarely faced," that federal agency's determination has been admitted in evidence. In support of that statement, counsel cites only two cases, both decided by the same judge of the intermediate appellate court of

Arizona, *Womack v. Industrial Comm'n,* 3 Ariz.App. 74, 412 P.2d 71 (1966), and *Cudahy Packing Co. v. Industrial Comm'n.,* 7 Ariz.App. 335, 439 P.2d 307 (1968).

No ruling upon an evidentiary question by the courts of Arizona in a workmen's compensation case has any precedential value whatsoever in Tennessee for the reason that by statute that state's industrial commission is not bound by common-law or statutory rules of evidence in a workmen's compensation proceeding. Ariz.Rev.Stat. § 23–941 (1971). Further, in Arizona, a claimant can obtain an award of permanent disability without medical proof and upon his own statement of subjective symptoms, where there is no evidence that casts doubt on claimant's credibility. *Matthews v. Industrial Comm'n.,* 20 Ariz.App. 350, 512 P.2d 1237 (1973). Also, hearsay evidence alone will sustain an Arizona workmen's compensation award if deemed "probatively sufficient" by the commission. *Reynolds Metal Co. v. Industrial Comm'n.,* 98 Ariz. 97, 402 P.2d 414 (1965).

It is also clear that the claimant in *Womack v. Industrial Comm'n., supra,* did not offer the finding of the Social Security Administration as evidence in support of his claim of total disability. The industrial commission's referee issued a subpoena duces tecum for the finding of the Social Security Administration for the purpose of determining the amount of the award being received by the claimant. The Court of Appeals, in commenting on the referee's motives in insisting upon the production of that evidence, held that the only relevancy the Social Security Administration's determination had was whether the award of $254.20, considered in the light of claimant's family obligations, etc., provided motivation for the claimant to willfully avoid working. It is true that the Court of Appeals, later on in the opinion, as somewhat of an afterthought, made the statement that the Social Security Administration's award, being the maximum allowable, indicated that that agency had determined claimant to be totally disabled and that it corroborated claimant's contention that he was unable to work.

Awards or findings of the Social Security Administration are not admissible in the courts of Tennessee in a workmen's compensation case for the purpose of showing the existence or the extent of an employee's permanent disability. Among the many reasons are: 1) employer is not a party to proceedings before the social security administration, and has no opportunity to cross-examine or to rebut employee's proof; 2) the criterion for determining the existence or extent of permanent disability, temporary or total, under Tennessee workmen's compensation statutes and case law differs widely from the definitions of disability applicable for social security purposes. See 42 U.S.C. § 416(i)(1) and 42 U.S.C. § 423(d).

The decree of the Chancery Court of Dyer County is affirmed. Costs are adjudged against employee Bingham.

HENRY, C. J., COOPER and HARBISON, JJ., and QUICK, Special Justice, concur.