CONSOLIDATED COAL COMPANY,
Appellant-Defendant,

v.

Harlan BRAY, Appellee-Plaintiff.

Supreme Court of Tennessee.

July 10, 1978.

W. Keith McCord, Knoxville (McCord & Cockrill, Knoxville, of counsel), for appellant-defendant.

Frank Q. Vettori, Knoxville, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

In this workmen's compensation case the employer appeals from an award to the employee of total permanent disability benefits for coal worker's pneumoconiosis.

No question is raised but that the employee at the time of trial had sustained total and permanent disability. The employer insists, however, that there is no material evidence to demonstrate that this disability was attributable to pneumoconiosis, as distinguished from a heart condition from which the employee admittedly suffered. In addition the employer assigns error on the admission and exclusion of evidence. From our review of the record we find that the assignments of error are not well taken. We accordingly affirm the judgment of the Chancellor.

Prior to his last day of work on March 18, 1976, the employee had worked for appellant for twenty-seven years in underground coal mining operations. He was exposed to substantial amounts of coal dust in this work. Both of the physicians who testified in the case found that when they examined him in 1976 and 1977 respectively, he was suffering from coal worker's pneumoconiosis. Both of them testified that he suffered permanent disability by reason of this lung disease. They differed as to the seriousness and extent of the pneumoconiosis and the disability caused thereby. Petitioner, his wife and a fellow employee described his symptoms and the severe limitations upon physical activity in which he is able to engage.

■ Dr. Sheldon E. Domm testified on behalf of the employee. His qualifications as a thoracic surgeon and specialist in the field of chest and lung diseases were stipulated. He described his findings on x-ray and the results of studies and tests of the employee's pulmonary functions. It was his professional opinion that the employee was totally unable to perform labor by reason of pneumoconiosis and that this disability was permanent.

Neither Dr. Domm nor any other physician testified as to the degree or extent of the heart disease from which the employee also suffered, but Dr. Domm's testimony was clear that the lung condition alone was sufficient to cause total permanent disability.

We are of the opinion that the testimony of Dr. Domm afforded substantial and material evidence to support the finding of the trial court that the employee was disabled as a result of coal worker's pneumoconiosis. This evidence was sufficient to justify the award which was made, and the assignments of error as to the sufficiency of the evidence are overruled.

■ The employer's contention that Dr. Domm's testimony does not constitute material evidence is based upon the fact that most of the employee's pulmonary function test ratings were above the minimum capacities set forth in federal regulations as sufficient in and of themselves to demonstrate total disability. Dr. Domm stated his professional opinion as to disability, which by stipulation he was qualified to give, based upon his extensive experience with this disease and upon his personal examination and findings with respect to the patient.

In *Blankenship v. Old Republic Ins. Co.,* 539 S.W.2d 23 (Tenn.1976), it was held that a state court, although applying federal standards and criteria, should make an independent determination of the employee's entitlement, and that it may consider any competent evidence presented on that issue by either party. In our opinion, Dr. Domm's expert opinion constituted such evidence. We do not understand that total disability under the federal regulations must be established solely through pulmonary function studies and that no other type of evidence is material or sufficient. There was conflicting medical testimony in the record. The evidence given by the expert witness offered by the employer, if accepted by the trial judge, would have supported a finding different from that based on the testimony of Dr. Domm. That, however, does not destroy the probative value of Dr. Domm's testimony.

■ The employer sought to introduce into evidence an application and supporting data submitted by the employee to the United States Department of Labor in an effort to obtain black lung benefits under federal statutes. The trial court excluded this evidence, which included a preliminary ruling by a claims examiner. The evidence was not offered, insofar as we understand the employer's contentions, for the purpose of impeaching the testimony of the employee or to show a prior inconsistent statement on his part or that of any other witness, but as substantive evidence that the employee had not sustained total disability as a result of pneumoconiosis.

We are of the opinion that the trial court properly sustained the objection of counsel for the employee as to this proffered evidence. In the case of *Bingham v. Dyers-*

*burg Fabric Co., et al.,* Tenn., 567 S.W.2d 169, released June 12, 1978 at Jackson, for publication, the court considered a similar contention and held:

"Awards or findings of the Social Security Administration are not admissible in the courts of Tennessee in a workmen's compensation case for the purpose of showing the existence or the extent of an employee's permanent disability."

Appellant has cited no authority for its insistence that the conclusions of the federal claims examiner and the data contained in his file are admissible as substantive proof in the face of proper objection. Certainly, inconsistent statements contained in such a file, made either by the employee or contained in any medical report or other documents submitted by him in support of his claim, would probably be admissible for the purpose of impeachment, but this is a far different issue from the proposition asserted here.

■ The employer further assigns error to the action of the trial court in permitting the employee to describe his symptoms and complaints, and in particular to the action of the Court in permitting him to testify, over objection, about statements made to the employee by Dr. Wender, one of the physicians attending him for his heart and lung conditions. This physician did not testify, but the employee was permitted to state on re-direct examination that Dr. Wender had told him that he could not go back into the mines with his lung and heart in the conditions which the doctor had found.

Ordinarily, of course, such testimony would be hearsay and should be excluded upon proper objection. In this case, however, the testimony was elicited on re-direct examination after counsel for the employer had commenced his cross-examination as follows:

"Q. Now, Dr. Wender put you in the hospital, did he not, I believe you said?

"A. He sure did.

"Q. And Dr. Wender found and told you that you have a severe heart condition, didn't he?

"A. Yes, sir.

"Q. Chronic arteriosclerotic heart disease?

"A. I don't know if it was put that way or not, but I know he said I had one.

"Q. And he told you that you had to quit work?

"A. He said I'm retiring."

In view of these questions and others in which the employee was asked about his conversations with Dr. Wender, we are of the opinion that the re-direct examination was proper, and that counsel for appellant had himself initiated questioning upon the subject of Dr. Wender's conversations with the employee. Having done so, his objection to further exploration of that subject on re-direct examination was properly overruled. *See* D. Paine, *Tennessee Law of Evidence* § 185 (1974).

The employee's testimony describing his symptoms and complaints, in general, was admissible. He was not qualified to testify as to the medical reasons or cause of these, of course, but any error of the trial court in not formally striking portions of his testimony from the record was harmless and did not affect the outcome of the case. The hearing was non-jury, before an experienced Chancellor, who was clearly able to eliminate any incompetent evidence from consideration in reaching his decision.

The judgment of the trial court is affirmed at the cost of appellant. The cause is remanded to that court for entry of such further orders as may from time to time be necessary.

HENRY, C. J., FONES and BROCK, JJ., and W. WAYNE OLIVER, Special Justice, concur.