JOANNE DALLE MAYFIELD,   )
              )
  Plaintiff/Appellant,   )
              )  **Davidson County Circuit**
              )  **No. 95D-1525**
**VS.**            )
              )  **Appeal No.**
              )  **01A01-9611-CV-00501**
**JOHN DREW MAYFIELD,**   )
              )
  Defendant/Appellee.   )

**FILED**

**April 30, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DAVIDSON COUNTY COURT
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE

MICHAEL W. BINKLEY, #5930
150 Second Avenue North
Suite 300
Nashville, TN 37201-1902
ATTORNEY FOR PLAINTIFF/APPELLANT


DAVID W. GARRETT, #13248.
Robert L. Jackson & Associates
214 Second Avenue North
Suite 103
Nashville, TN 37201
ATTORNEY FOR DEFENDANT/APPELLEE

## MODIFIED, AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
SAMUEL L. LEWIS, JUDGE

CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE

| JOANNE DALLE MAYFIELD, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff/Appellant,** | ) | |
| | ) | **Davidson County Circuit** |
| | ) | **No. 95D-1525** |
| **VS.** | ) | |
| | ) | **Appeal No.** |
| | ) | **01A01-9611-CV-00501** |
| **JOHN DREW MAYFIELD,** | ) | |
| | ) | |
| **Defendant/Appellee.** | ) | |

# O P I N I O N

In this divorce case, the wife Joanne Dalle Mayfield has appealed from a decree finding both parties at fault, declaring the parties to be divorced under TCA § 36-4-129, declaring joint custody of a minor child with physical custody in the wife, ordering child support, alimony and attorneys fees and dividing the marital estate.

On appeal, the wife presents the following issues for review:

I.      Whether the trial court erred in its classification of marital property by ignoring the wife's direct and indirect contributions to the husband's separate property which, by statute, should be considered marital property.

II.      Whether the trial court abused its discretion in its division of marital debt, essentially rendering the wife insolvent by said division despite the husband's superior financial position and ability to satisfy said debts.

III.      Whether the trial court abused its discretion in awarding the wife only $1,000 per month for one year as rehabilitative alimony when the proof showed that she required at least $3,000 and would not be rehabilitated for three to five years.

IV.      Whether the trial judge erred in ordering child support below the specified guideline amount without any reasons for deviation.

V.      Whether the trial court abused its discretion in failing to secure the father's child support obligation with life insurance on the father's life.

VI.      Whether the trial court abused its discretion in awarding joint custody of the child rather than awarding the mother exclusive custody.

VII. Whether the trial court abused its discretion in awarding the wife only a very small portion of her attorney's fees when she has absolutely no means to pay said fees other than by dissipating her $50,000 alimony *in solido* award.

VIII. Whether the wife should be awarded her attorney's fees incurred in the instant appeal.

# I.

## MARITAL ESTATE

Prior to the marriage, the wife was a stockbroker. Upon the marriage of the parties on June 15, 1990, the wife discontinued her career and became a housewife. The husband, John Drew Mayfield operated a "sound business." The wife claims that she assisted in promoting the business by entertaining customers, but the husband denies the extent or importance of this alleged contribution to his success. The wife asserts and the husband denies that she managed some of his stock investments during the marriage.

The husband's separate property included:

The marital home purchased during the marriage for $265,000 and valued at $315,000. At the trial, the husband testified that the increase was due principally to market conditions and not the efforts of the wife.

A warehouse valued at $412,930.67 which he sold for $330,786.56 during the marriage.

A home purchased during the marriage for $522,310 and valued at the divorce at $396,000.

Real Estate received as a gift at value of $1,012,929.40 and present value of $634,336.20

A savings account of $1,160.02

An investment account valued at $145,878 at the marriage and $148,385.10 at the divorce.

A $27,784.19 treasury bill purchased with funds received from the investment account.

A $10,121.92 certificate of deposit derived from the above savings account.

An I.R.A. account of $27,953.67 at marriage increased to $54,058.24 at divorce.

A $150,000 life insurance policy worth $80,288.00 at marriage and $82,247.96 at divorce.

An insurance annuity worth $11,706.77 at marriage and $16,141.50 at divorce.

A 1989 Mazda automobile worth $16,000 at marriage and $6,000 at divorce.

Husband's business, Mayfield Sound Engineering, Inc., the assets of which consisted of:

Checking account, $3,130.46 at the marriage increased to $11,062.51 at the divorce.

An investment account of $3,353.58 increased to $3,995.76 at the divorce.

Equipment valued at $6,909.99 at the marriage increased to $55,417.26 at the divorce.

At the conclusion of the trial, the Trial Judge stated orally:

> The Court finds that Exhibit Number 8 is Mr. Mayfield's separate property free and clear of any claim of the wife; this includes the home place. The Court finds that she has made no significant input in any appreciation of those assets, with the one exception of the homeplace. So all of those assets will remain his separate property free and clear. She fails to show that she has contributed to the accumulation or appreciation of those assets to any degree that would cause me to grant her an interest therein.
>
> Now, insofar as further property division, I'll take into consideration Mrs. Mayfield's contribution to this marriage and her need for support. The Court finds there is a need for rehabilitative alimony and that will be in the amount of $1,000 for a period of one year.
>
> As further property division and in consideration of her contributions to the appreciation of the home place and her efforts to make a home for Mr. Mayfield and raise the child, the Court will award her alimony *in solido* in the amount of $50,000. She will keep the $6,000 and the $4,700 that she got pending this suit. (Emphasis supplied)

The divorce decree states:

> It is further ORDERED AND ADJUDGED by the Court
>
> - - - - -
>
> the Court finds that Mrs. Mayfield failed to show that she has made any significant contribution to the accumulation or

appreciation of Mr. Mayfield's separate assets, with the exception of the marital home on Trimble Road. Therefore, Mr. Mayfield shall be awarded the following items as his separate property, free and clear of any claim by Mrs. Mayfield. (Emphasis supplied)

1.    3807 Trimble Road

2.    Warehouse
      11420 Plano Road
      Dallas, TX

3.    Hill Pasture Property
      Partial Interest

4.    T.P. Singletary Syndicate

5.    City National Bank of
      Baton Rouge, LA
      Savings Account
      00-489756-0

6.    Lego Mason Acct.
      278-1029

7.    NationsSecurity Acct.
      004004857

8.    Certificate of Deposit
      City National Bank
      Baton Rouge, LA
      004897560

9.    Certificate of Deposit
      NationsBank
      2167787

10.   Mayfield Sound Engineering, Inc.
      a.    Checking Account
            NationsBank
            011261-658-6

      b.    Business Investment Acct.
            NationsBank
            011272-157-6

      c.    Equipment

11.   IRA Account
      NationsSecurity
      004005536

12.   New York Life
      $150,000 Policy
      John D. Mayfield
      62027308

13.    New York Life
       Annuity
       John D. Mayfield
       S2597227

14.    1989 Mazda MPV

It is further ORDERED AND ADJUDGED by the Court Mrs. Mayfield shall be awarded the following items as her separate property, free and clear of any claim by Mr. Mayfield:

1.    1986 Nissan Maxima

2.    Diamond Engagement Ring

3.    Rado Watch

4.    Gold Bracelet

5.    Diamond Bracelet

6.    Tiffany Gold Earrings

7.    Rolex Watch

8.    Miscellaneous furniture and accessories as contained in Exhibit "A" incorporated hereto by reference.

It is further ORDERED AND ADJUDGED by the Court that marital assets of the parties shall be divided as follows:

| ASSET | FMV | Mr. Mayfield | Mrs. Mayfield |
|---|---|---|---|
| Vehicles | | | |
| 1. 1989 Chrysler | 4,000.00 | | 4,000.00 |
| Bank Accounts | | | |
| 2. NationsBank Personal Checking 011261-660-2 5/06/96 | 572.00 | 572.00 | |
| 3. Liq. Investmt. Acct. NationsBank 011-272-159-2 4/22/96 | 9.56 | 9.56 | |
| 4. NationsBank Personal Checking 911332-989-0 | 70.00 | | 70.00 |

-6-

| ASSET | FMV | Mr. Mayfield | Mrs. Mayfield |
|---|---|---|---|
| 5. NationsBank Savings Acct. 011-3290936 (CD 7,000) | 7,100.00 | | 7,100.00 |

Insurance:

| | | | |
|---|---|---|---|
| 6. New York Life $250,000 Whole $250,000 Term 44069559 (12/27/90) | 13,533.90 | 12,718.99 | 814.91 |
| 7. New York Life $100,000 Whole $150,000 Term 44062481 (12/31/90) | | | |

Other Assets:

| | | | |
|---|---|---|---|
| 8. Furniture and Furnishings | 7,930.00 | 3,492.00 | 4,438.00 |
| TOTAL | 33,585.11 | 16,792.55 | 16,792.56 |

 It is further ORDERED AND ADJUDGED by the Court that due to her efforts as a homemaker and mother and due to her contributions to the appreciation in the Trimble Road house, Mrs. Mayfield shall be awarded the sum of FIFTY THOUSAND DOLLARS ($50,000.00) as alimony in solido.

The wife apparently conceives that the Trial Judge found the $50,000 increase in value of the home place to be part of the marital estate. At most, the oral comment and order of the Trial Court indicate that some part of the increase was due to the efforts of the wife. Apparently, the Trial Court intended the $50,000 alimony *in solido* to include and compensate the wife for whatever contribution was made to the increase in value of the separate estate of the husband. However, the home which was purchased for $522,310 and sold for $330,786.56 does not appear to have increased in value during the marriage.

-7-

The wife next contends that the award to her of the $7,100 savings account was "illusory" because it represented borrowed money which she is obligated to repay. Since the account was in the sole name of the wife, it should not have been included in the distribution of marital property allotted to her.

The wife also complains of the classification of a $5,000 savings account as separate property of the husband, since it was acquired during the marriage by sale of a family automobile. This insistence is correct.

Upon the foregoing grounds, the wife insists that the marital estate was $76,496 instead of $33,585.11, as found by the Trial Court.

Without more specific findings by the Trial Court, it is not possible to determine the decision of the Trial Court as to the credibility of the disputed testimony of the parties. The written record before this Court does not enable the review of the findings of credibility. However, the amount of the marital estate should be increased by the amount of the $5,000.00 savings account, the share of the wife in the marital estate should be increased, accordingly by $2,500.00 and the $7,100 savings account should be eliminated from the assets allotted as her part of the marital estate. These adjustments require the payment of $9,600 to the wife by the husband.

The wife complains of the classification of the husband's business as separate property. It is true that the value of the assets of the husband's corporation increased during the marriage. However, in the decree, quoted above, the Trial Court found that "Mrs. Mayfield failed to show that she has made any significant contribution to the accumulation or appreciation of Mr. Mayfield's separate assets (except the home)". This is a clear indication that the Trial Judge accredited the testimony of the husband, rather than the wife in respect to her contributions to the increase in value of the business.

This Court is not in position to reverse this finding as to credibility. *Bingham v. Dyersburg Fabrics Co., Inc.*, Tenn. 1978, 567 S.W.2d 169; *Bowman v. Bowman*, Tenn. App. 1991, 836 S.W.2d 563.

The wife insists that marital property means all personal property acquired by either spouse during the course of the marriage, citing TCA 36-4-121(b)(1)(A). However, this statutory provision is qualified by subsections (B) and (C) which require and define "substantial contribution" to the acquirement of the asset.

In the present case, the quoted finding of the Trial Court as to substantial contribution is conclusive as to the participation of the wife in the increase on value of the husband's business.

The wife complains of the failure to award her 50% of the $26,105 increase in the husband's IRA savings during the marriage as admitted in his schedule of separate property. TCA § 36-4-121.

TCA § 36-4-121(a)(1) and (b)(1) (A) and (B) provide:

> **Distribution of marital property**. - (a)(1) In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, upon request of either party, and prior to any determination as to whether it is appropriate to order the support and maintenance of one (1) party by the other, equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just.
>
> (b) For purposes of this chapter:
>
> (1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.
>
> (B) "Marital property" includes income from, and any increase

in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.

In *Cohen v. Cohen*, Tenn. 1996, 937 S.W.2d 823, the Supreme Court held that interest in a retirement benefit, vested or unvested is marital property subject to division. In *Kendrick v. Kendrick*, Tenn. App. 1994, 902 S.W.2d 918, this Court held that pension interests that accrued during the marriage are marital property regardless of whether vested or non-vested, mature or unmatured, or contributory or non-contributory.

TCA § 36-4-121 (c) provides:

(c) In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

Although the Trial Court held that Mrs. Mayfield failed to show that she had made any significant contribution to the accumulation or appreciation of Mr. Mayfield's separate assets, it appears from the foregoing authorities that the increase in retirement funds during the marriage must be classified as marital property and divided according to the guidelines set out in § 36-4-121(c) above. However, it must be presumed that the Trial Judge considered his finding of "no significant contribution" in deciding what part, if any, of the retirement funds should be distributed to the wife and determined that the portion of the retirement funds property distributable to the wife were zero.

The wife claims a marital interest in the husband's investment account. Although she participated in investment decisions as broker prior to the marriage, the Trial Court found, and this Court agrees that such participation did not continue during the marriage.

Finally, the wife asserts a marital claim to part of the $400,000 proceeds of the sale of residence in Texas which was worth $412,930.67 at the marriage and was sold for net proceeds of $330,786.56. It does not appear that any gain resulted from any contribution by the wife.

## II.

### MARITAL DEBT

The wife complains that the decree did not obligate the husband to pay the following debts:

| | |
|---|---|
| Student loan ............... | $ 17,500.00 |
| Therapy ...................... | 450.00 |
| Mastercard ................. | 1,290.00 |
| Gasoline debt ............. | 830.00 |
| Failed business debt ... | 19,000.00 |
| Part of her attorney's fee | 20,942.00 |
| TOTAL ..................... | $56,942.00 |

-11-

The decree does not order the payment of debts by either party. Presumably the intended result was that each party should continue to be responsible for the debts incurred by him or her. No error is demonstrated in this disposition of debts.

## III.

The wife complains of the meagerness of rehabilitative alimony allowed to her ($1,000.00 per month for one year). Granting the inability of the wife to immediately become fully self supporting, and considering that the $50,000.00 alimony *in solido* would be virtually consumed by satisfaction of her debts, this Court determines that there is a realistic need for $2,000.00 per month for 3 years which the husband has the ability to provide. The decree will be so modified.

## IV.

## CHILD SUPPORT

The decree requires the husband to pay $1,000 per month child support which comports with child support guidelines for a non-custodial parent having a net annual income of $57,153 ($4,779.42) per month. The wife insists that the income of the husband includes:

| | |
|---|---|
| Income from husband's business ....................... | $ 22,000.00 |
| Rental income ................................................ | 55,200.00 |
| Interest and dividends ..................................... | 12,209.00 |
| Capital gains ................................................. | 25,943.00 |
| | $115,352.00 |

Cash gifts from mother - $8,000 to $24,000

Charles Schwab - $5,000 to $6,000

The wife relies upon the husband's 1995 Federal Income Tax Return showing net income of $82,154 ($6,846 per month). The husband relies upon a statement of his income for the first four months of 1996, totaling $22,614.11 which indicates annual income of $67,842.33. However, this statement includes no income from his business. His 1995 tax return includes $9,964 wages, which, if repeated in 1996 would increase his income for that year to $77,806.33 ($6,483.86 per month).

Section 1240-2-.04 (4) (2) provides

> In cases where initial support is being set, a judgment must be entered to include an amount due for monthly support from the date of the child's birth or date of separation or date of abandonment whichever is appropriate, until the current support order is entered. This amount must be calculated based upon the guidelines using the average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party. An amount should be included in the order to reduce the arrears judgment on a monthly basis within a reasonable time.

The average income of 1995 and 1996 as stated above is $6,661.64 per month.

It therefore appears that the husband's reasonable average income exceeds $6,250.00 per month and that, in the absence of an express finding that child support based on the guidelines would be inequitable, the amount stated in the guidelines for $6,250 monthly income should be $1,312.00. The judgment of the Trial Court will be so amended.

The wife insists that the husband should be required to set aside additional funds for future needs of the child. The amount by which average income exceeds $6,250 per month does not justify such relief at this time.

The wife insists that the husband be required to pay for prescriptions for the child. The amount of child support awarded should provide for this need unless an extraordinary need is hereafter established before the Trial Court.

-13-

## V.

### LIFE INSURANCE TO SECURE ALIMONY AND CHILD SUPPORT

There is no showing of a timely request to the Trial Court for this relief. Ordinarily, this Court does not grant relief on appeal which was not requested in the Trial Court. No reason is demonstrated for a departure from this general rule.

## VI.

### JOINT CUSTODY

In some cases, this Court has found joint custody to be unsuitable under the circumstances. In the present case it has not been shown to be unworkable or contrary to the best interest of the child. Until such is shown, the parties should have an opportunity to demonstrate that they can make it suitable in the present case. Upon a showing that joint custody is not serving the best interests of the child, the Trial Court has the authority and duty to make necessary changes.

## VII.

### ATTORNEYS FEES

The Trial Court required the husband to pay $3,500 of the $20,856 claimed by her attorney. The award of attorneys fees as part of alimony lies within the sound discretion of the Trial Judge whose decision in this regard will not be disturbed on appeal unless the evidence preponderates otherwise. *Smith v. Smith*, Tenn. App. 1995, 912 S.W.2d 155. *Houghland v. Houghland*, Tenn. App. 1992, 844 S.W.2d 619.

Fault is a proper element for consideration in determining questions of alimony. *Fisher v. Fisher*, Tenn. 1983, 648 S.W.2d 244.

In view of the adjudicated fault of the wife, the award of $50,000.00 alimony in futuro and a portion of the wife's attorney's fees, the evidence does not preponderate against the decision of the Trial Court on the subject of attorney fees.

## VIII.

### ATTORNEY'S FEE ON APPEAL

For the reasons already stated, this Court holds that an award of attorney's fees on appeal is not in order.

The judgment of the Trial Court is modified to require the husband to pay to the wife $9,600.00 to render the division of marital property equitable; to increase the award of rehabilitative alimony to $2,000 per month for thirty-six months; and to increase child support from $1,000 per month to $1,312 per month. As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the husband-appellee. The cause is remanded to the Trial Court for necessary further proceedings.

## MODIFIED, AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE