# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

ALMETTER CHALMERS, WALTER ) 
CHALMERS, and PERCY CHALMERS,) 
                                ) 
      Plaintiffs/Appellants,       )       Shelby Circuit No. 77073-6 T.D. 
                                ) 
**v.**                             ) 
                                )       Appeal No. 02A01-9711-CV-00280 
EXCHANGE INSURANCE COMPANY ) 
and COUCH AND ASSOCIATES, INC., ) 
                                ) 
      Defendants/Appellees.      ) 

**FILED**

**June 10, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE GEORGE H. BROWN, JUDGE

For the Plaintiffs/Appellants:        For the Defendants/Appellees:

Mark L. Pittman                 John D. Richardson
Memphis, Tennessee           Teresa A. Newsom
                             Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

## OPINION

This is a breach of contract case. The defendant insurer denied a claim by the plaintiffs under their homeowner's insurance policy, based on alleged misrepresentations made by one of the plaintiffs in the application process. After a bench trial, the trial court granted judgment in favor of the defendant insurer. The plaintiffs appeal. We affirm.

The property at issue was a residential dwelling located at 441 Hewlett, in Memphis, Tennessee ("the Property"). In 1993, Plaintiff/Appellant Almetter Chalmers ("Chalmers") and her brother, Larry Thompson ("Thompson"), acquired an interest in the Property upon their mother's death under her last will and testament. However, their mother's will was never probated. Prior to the death of Chalmers' mother, the Property was covered by a homeowner's insurance policy obtained through AAC Insurance Company ("AAC Insurance"), underwritten by the Appellee Exchange Insurance Company ("Exchange Insurance").

After her mother's death, Chalmers continued to pay the premiums on the policy. Thompson and Chalmers' sons, Plaintiff/Appellant Percy Chalmers and Walter Chalmers, Jr., resided at the Property. Sometime in 1994, Thompson died. No executor or administrator was appointed to administer Thompson's estate. Chalmers then told AAC Insurance that she was not living at the Property. Chalmers and her husband Plaintiff/Appellant Walter Chalmers resided at 692 Honduras, Memphis, Tennessee. In response, in a letter dated February 15, 1994, Exchange Insurance cancelled the policy because the owner of the Property did not reside on the Property.

On April 27, 1994, either Chalmers or her husband contacted an agent at Couch and Associates, Inc. to obtain a homeowner's policy for the Property. Couch and Associates, Inc. ("Couch and Associates") was also an agent of Exchange Insurance. Chalmers signed a homeowner's policy application underwritten by Exchange Insurance which covered the Property. In July 1995, the dwelling on the Property burned. Either Chalmers or her husband notified Exchange Insurance of the fire and sought payment under the homeowner's policy. Exchange Insurance refused to pay the claim, alleging that Chalmers made misrepresentations during the application process. Exchange alleged that Chalmers stated that she did not know the name of the company who issued the prior insurance policy or the reason why the policy was cancelled. Exchange also alleged that Chalmers stated that she had resided at the Property for forty years and that the number of families living at the Property was one.

Almetter Chalmers, Walter Chalmers, and Percy Chalmers then filed this lawsuit to recover proceeds under the homeowner's policy for the Property damaged by fire. Prior to the bench trial in this case, Almetter Chalmers admitted in her deposition that she "didn't tell them like it is." At trial, Chalmers testified that she was confused when she made those statements in her depostition. Geneva Tatum ("Tatum"), an agent of Couch and Associates, testified that she orally asked Almetter Chalmers questions that were contained on the application. Tatum then entered Chalmers' answers in the computer. Chalmers reviewed and signed the application. Tatum testified that Chalmers told her that she currently lived at the Property and had resided there for forty years. Tatum also testified that Chalmers did not tell her that Exchange Insurance had not renewed the previous policy. Based upon representations made by Chalmers, Exchange Insurance issued the homeowner's policy. An agent of AAC Insurance testified that she explained to Chalmers on several occasions that AAC Insurance was cancelling the homeowner's policy because she, Chalmers, did not reside there.

The trial court held that Chalmers made material misrepresentations in the application for insurance with Exchange Insurance, that those misrepresentations were made with the intent to deceive and that they materially increased the risk of loss to the insurer under Tennessee Code Annotated § 56-7-103. Therefore, the trial court found that there was no insurance coverage for the loss of the Property.

Our review of this case is governed by Tennessee Rule of Appellate Procedure 13(d), which provides that review of findings of fact by the trial court shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the factual findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *see also Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Chalmers contends that she did not make statements in the application process with the intent to mislead or deceive Exchange Insurance. Exchange Insurance alleges that Chalmers made several misrepresentations during the application process: (1) that Chalmers was the sole owner of the Property, (2) that Chalmers had resided at the Property for forty years, (3) that the applicant, Chalmers, did not know the name of the company who issued the prior insurance policy or the reason the prior policy was cancelled, (4) that the insurance agent did not contact Chalmers and notify her as to the reason the policy was cancelled, and (5) that the number of families living in the subject property was one.

2

Tennessee Code Annotated § 56-7-103 provides:

> No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor[e], by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, *unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.*

Tenn. Code Ann. § 56-7-103 (1994) (emphasis added). In order for an insurer to avoid coverage, the insurer must prove that the answers on the application were false and were given with the intent to deceive the insurer or that the false answers materially increased the risk of loss. ***Womack v. Blue Cross & Blue Shield***, 593 S.W.2d 294, 295 (Tenn. 1980). The issue of the truthfulness of the insured's answers on the application is to be determined by the trier of fact. ***Womack***, 593 S.W.2d at 295. The trier of fact must determine whether the insured made the misrepresentation with the intent to deceive. ***Id.***

> We are mindful that:

> In [a] nonjury case, the trial judge as the trier of fact had the opportunity to observe the manner and demeanor of both parties as they testified from the witness stand. The weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact and the credibility accorded will be given great weight by the appellate court.

***Hale v. Hale***, 838 S.W.2d 206, 210 (Tenn. App. 1992) (citing ***Town of Alamo v. Forcum-James Co.***, 205 Tenn. 478, 327 S.W.2d 47 (1959); ***Sisk v. Valley Forge Ins. Co.***, 640 S.W.2d 844 (Tenn. App. 1982)). "One of the most time-honored principles of appellate review is that trial courts are best situated to determine the credibility of the witnesses and to resolve factual disputes hinging on credibility determinations." ***Mitchell v. Archibald***, 971 S.W.2d 25, 29 (Tenn. App. 1998) (citing ***State v. Pruett***, 788 S.W.2d 559, 561 (Tenn. 1990); ***Tenn-Tex Properties v. Brownell-Electro, Inc.***, 778 S.W.2d 423, 425-26 (Tenn. 1989)). There must be clear and convincing evidence to the contrary to disturb a trial court's determination of credibility. ***Mitchell***, 971 S.W.2d at 29 (citing ***Bingham v. Dyersburg Fabrics Co., Inc.***, 567 S.W.2d 169, 170 (Tenn. 1978); ***Thompson v. Creswell Indus. Supply, Inc.***, 936 S.W.2d 955, 957 (Tenn. App.1996)).

In this case, the evidence supports the trial court's factual finding that Chalmers intended to deceive Exchange Insurance in order to induce Exchange Insurance to issue the homeowner's policy. Consequently, the trial court's holding in favor of defendants Exchange Insurance and Couch and Associates is affirmed.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, for which execution may issue if necessary.

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**