# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

ANTHONY KEITH ELDRIDGE,   ) C/A NO. 03A01-9904-CH-00146

                                  )

      Plaintiff-Appellant,        ) SULLIVAN COUNTY

                                  )

vs.                              )

                                  )

JULIA EDITH ELDRIDGE,      )

                                  )

      Defendant-Appellee.      )

## DISSENTING OPINION

The majority's Judgment is wrong, because the Trial Judge is vested with wide or broad discretion in matters of child custody and parental visitation. *See, e.g., Harwell v. Harwell*, 612 S.W.2d 182 (Tenn. Ct. App. 1980).

The majority's judgment is wrong because the credibility of the witnesses is within the province of the trier of fact. *See Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W.2d 169 (Tenn. 1978); *Harwell & Rogers v. Tennessee Farmers Mutual Ins. Co.*, 612 S.W.2d 178 (Tenn. Ct. App. 1980)

The majority's judgment is wrong because the Trial Court's findings are entitled to a presumption of correctness unless the preponderance of the evidence is otherwise. T.R.A.P. Rule 13(d).

Apparently due to the acrimonious relationship of the parties, the Trial Judge

appointed a PhD licensed in psychology as a special master.  The findings of the special master are insightful.  In commenting on the child's best interest, the master observed:

> Generally, it is in the best of children to have happy, communicative relationships with both parents, without interference.  Denial of one's parent, means denial of part of oneself, emotionally, in terms of ego, and genetically, and is not in a child's own best interest.  For one parent to deny the worth of the other parent causes difficulty for the child, and is not in her best interest.

And in a subsequent finding in the continuing dispute between the parents, the master observed:

> Because of Taylor's knowledge of and response to the family opinion, it is important that Taylor continue overnight visits, to continue in her understanding that her mother is her mother, and not just a stereotype.  I believe her mother Julia's assertion that her daughter will see nothing inappropriate.  Taylor just wants to be able to love who she loves.

> In situations such as this, we are admonished to be careful to avoid the

appearance of punishing one or the other parent, since awards of custody are not to punish a parent.  *See Sutherland v. Sutherland*, 831 S.W.2d 283 (Tenn. Ct. App. 1991).  The evidence preponderates that the child has not been adversely impacted by her visitation with her mother.  *See Musselman v. Acuff*, 826 S.W.2d 920 (Tenn. Ct. App. 1991).  The burden was on the father to show that the visitation adversely affected the child.  Essentially, his evidence was couched in homophobic opinions which lack probative value.

A review of the evidence in this record in accordance with the foregoing principles, demonstrates, in my view, that the majority has substituted its judgment for the Trial Court's judgment, which renders it wrong on the facts and on the law.

I dissent, and would affirm the Trial Court's judgment in this case.

_____
Herschel P. Franks, J.