IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 19, 2004 Session

# DELORES M. KING v. TENNESSEE FARMERS INSURANCE COMPANY, ET AL.

**Direct Appeal from the Chancery Court for Henderson County**
**No. 14420    Joe C. Morris, Chancellor**

---

**No. W2003-00168-COA-R3-CV - Filed July 15, 2004**

---

This case involves payment of an insurance claim demanded by Appellee from Appellant after Appellee's belongings were destroyed in a fire. Appellant refused payment on the basis that Appellee failed to notify Appellant of an address change. After a hearing, the trial court awarded Appellee $32,000, representing her claim under the insurance policy, and $8,000 as a 25% bad faith penalty. For the following reasons, we affirm in part and vacate the award representing a bad faith penalty.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Vacated in Part**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Carthel L. Smith, Jr., Lexington, TN for Appellants

James R. Krenis, Jackson, TN, for Appellee

## OPINION

### Facts and Procedural History

Delores King ("Appellee") held a policy insuring the contents of a mobile home in the amount of $32,000 with Tennessee Farmers Insurance Company ("Appellant"). The period of insurance for the policy was from March 18, 1999, to March 18, 2000, and lists the insured's address as 1243 Whitehall Street, Lot 10, Jackson, Tennessee 38301. However, at the end of July 1999, Appellee and her son moved the mobile home and its contents to a new address at 777 Mills Darden Road, Lexington, Tennessee. Although unsure of the exact date, Appellee testified that she was certain she telephoned Appellant in September 1999 to notify Appellant of the address change. Appellee stated that she spoke with a female receptionist on the phone and asked to speak with her

insurance agent. In addition, Appellee testified that, after notifying the receptionist of her policy and the address change, the receptionist informed her that her agent was out of the office but said "I'll take care of this and give this to your agent." Appellee's son, Jason King, further corroborated this testimony and stated that he was present when Appellee called Appellant's office to notify Appellant of the address change. Appellee received no further correspondence from Appellant confirming the address change on the policy.

On January 4, 2000, an electrical shortage in the bedroom of the mobile home resulted in a fire, which destroyed the contents therein. An employee for Appellant, Jeff Hall ("Hall"), investigated the fire and found that the address was not the same as the address found on the policy. After noticing this discrepancy, Hall checked the company's records and interviewed the office employees to determine if Appellee called and notified Appellant that her address changed. After his investigation, Hall found no evidence, other than Appellee's statement, that Appellee gave notice of the address change. Based on Hall's recommendation, Appellant, upon receiving Appellee's formal demand for payment under the terms of the policy on January 7, 2000, denied Appellee's claim. As a result, Appellee filed a complaint on October 12, 2000, for the recovery of the insurance proceeds in the amount of $32,000 and a bad faith penalty pursuant to Tenn. Code Ann. § 56-7-105 (2000) in the amount of $8,000. Appellant answered and claimed that Appellee never notified Appellant of the address change as required by the insurance policy. After a hearing on the matter in September 2002, the trial court rendered a judgment in favor of Appellee and awarded Appellee $32,000 as proceeds under the insurance policy and an additional $8,000 as a bad faith penalty. The parties present the following issues, as we perceive them, for our review:

I. Whether the trial court erred when it found that Appellee complied with the provisions of the insurance policy, including the notice provision regarding a change of address; and
II. Whether the record supports the trial court's imposition of a bad faith penalty on Appellant pursuant to Tenn. Code Ann. § 56-7-105 (2000).

For the following reasons, we affirm in part and vacate the award of a bad faith penalty.

**Standard of Review**

"[R]eview of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also McColgan v. Auto-Owners Ins. Co.*, No. W2002-00114-COA-R3-CV, 2002 Tenn. App. LEXIS 720, at *8 (Tenn. Ct. App. Oct. 11, 2002). Conclusions of law of the trial court receive *de novo* review by this Court and are afforded no such presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus. Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## Compliance with Policy and Change of Address

In its brief, Appellant contends that Appellee did not comply with the notice provision of the insurance policy, requiring that notice be given to Appellant whenever Appellee changed her address. Appellant further argues that the policy was not in full force and effect because Appellee failed to comply with the provisions of the policy concerning occupancy, concealment, and misrepresentation. We begin by noting that, after our review of the entire record, this second argument, concerning the occupancy, concealment, and misrepresentation provisions, was not raised at trial and has been first raised on appeal. Appellant does not appear to raise noncompliance with these provisions in the pleadings or at the hearing. Indeed, we note that in Appellant's answer to Appellee's complaint, Appellant "den[ies] the policy was in full force and effect because the [Appellee] had moved the [mobile home] to another location without notifying the [Appellant] and obtaining [Appellant's] consent thereto . . . ." Additionally, the trial court found that Appellant denied payment of Appellee's claim only on the basis that she did not properly give Appellant notice of the change of address. Therefore, we decline to address this second issue that Appellee failed to comply with the occupancy, concealment, and misrepresentation provisions of the insurance policy on the basis that such issue was first raised by Appellant on appeal to this Court. *See Smithwick v. Young*, 623 S.W.2d 284, 292-93 (Tenn. Ct. App. 1981).

For Appellant's first argument, it challenges the sufficiency of the evidence supporting the trial court's finding that Appellee did give Appellant notice of the address change in September 1999. In this case, the trial court heard the testimony of Appellee and Appellee's son and both stated that at some point in September 1999, Appellee telephoned Appellant's office and notified a receptionist that the address for the mobile home holding Appellee's possessions had changed. In addition, in one of the Appellant's log books, there was a notation that Appellant's office received a phone call in September 1999 regarding the renting of a mobile home and the trial court found that this further corroborated Appellee's testimony. Appellant contends that, because there is a lack of any record of a phone call by Appellee, she must not have telephoned to notify Appellant of the address change. When resolving issues that necessarily hinge on an evaluation of witness credibility, this Court has stated the following:

> Unlike appellate courts, trial courts are able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility. *See State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *Bowman v. Bowman*, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). Thus, trial courts are in the most favorable position to resolve factual disputes hinging on credibility determinations. *See Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425-26 (Tenn. 1989); *Mitchell v. Archibald*, 971 S.W.2d 25, 29 (Tenn. Ct. App. 1998). Accordingly, appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. *See Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 315-16 (Tenn. 1987); *Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W.2d 169, 170 (Tenn. 1978).

*Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Implicit in the trial court's finding, that Appellee gave notice of the address change to Appellant, is a determination that Appellee and her son were credible witnesses. As such, we cannot say, after our review of the record, that there is clear and convincing evidence to suggest the contrary. Therefore, after reviewing the evidence in the record, we hold that the evidence does not preponderate against the trial court's finding of fact that the Appellee gave Appellant notice of the address change of the mobile home.[1] For this reason, we affirm the trial court's award of $32,000 to Appellee.

## Bad Faith

The second issue Appellant raises is whether the evidence supports a determination that Appellant's denial of Appellee's claim was in bad faith. Specifically, Tenn. Code Ann. § 56-7-105(a) states the following:

> (a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

---

[1] Appellant argues that the circumstances of this case are analogous to the facts of *American Justice Insurance Reciprocal v. Hutchison*, 15 S.W.3d 811 (Tenn. 2000). That case concerned the assistance of the Knox County Sheriff and two deputies with Scott County law enforcement in removal of Max Carpenter from his trailer home. *Hutchison*, 15 S.W.3d at 813. Carpenter died as a result of the confrontation and, subsequently, his estate filed a wrongful death lawsuit against the law enforcement officials involved in the siege. *Id*. After three years from the time they were served the complaint, the Knox County Sheriff and the two deputies demanded the liability insurance carrier for Scott County law enforcement, American Justice Insurance Reciprocal, provide them benefits under the policy with regard to their potential liability in the Carpenter lawsuit. *Id*. at 813-14. American Justice challenged this demand on the basis that the Knox County Sheriff and two deputies did not give timely notice of the incident or the lawsuit arising from the incident. *Id*. at 814. Such insurance policy held a provision which stated "[The insured] must see to it that [American Justice Insurance Reciprocal is] notified in writing as soon as practicable of any occurrence which may result in a claim." *Id*. at 815. The *Hutchison* court noted that Tennessee adopted the approach of "once it is shown that the insured has breached the notice provision, a rebuttable presumption exists that the insurer has been prejudiced by the delay . . . ." *Id*. at 817 (quoting *Alcazar v. Hayes*, 982 S.W.2d 845, 853 (Tenn. 1998)). Appellant argues that, in this case, such rebuttable presumption applies because of Appellee's failure to give notice of the address change, causing Appellant prejudice. Because we hold that the evidence does not preponderate against the trial court's finding that Appellee gave Appellant notice, we need not address whether the rule of *Alcazar* applies to a notice provision for a change of address.

Tenn. Code Ann. § 56-7-105(a) (2000).

> This statute is penal in nature and must be strictly construed. Before there can be a recovery of the penalty, (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith. *Palmer v. Nationwide Mutual Fire Insurance Co.*, 723 S.W.2d 124, 126 (Tenn. App. 1986).

*Minton v. Tenn. Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992). As the Tennessee Supreme Court has noted, the words "not in good faith" "imply a lack of good or moral intent as the motive for the refusal to pay a loss." *Silliman v. Int'l Life Ins. Co.*, 188 S.W. 273, 273 (Tenn. 1915). An award under this statute must be based upon some misconduct by the insurer. *See Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844, 852 (Tenn. Ct. App. 1982).

In this case, when a fire destroyed the contents of the mobile home, the policy became due and payable. It is undisputed that Appellee made a formal demand for payment on January 7, 2000. Appellant denied Appellee's demand for payment and on October 12, 2000, Appellee filed her complaint to recover the amount due under the policy. Therefore, the only question before us is whether Appellant's refusal to pay was not in good faith. After our review of the record, we hold that such refusal was in good faith. Appellant promptly assigned one of its employees, Hall, to investigate Appellee's claim. Upon finding that Appellee's address in Lexington did not match the address listed on the policy, Hall searched the company's records, checked the file for Appellee's policy, and interviewed numerous people to determine if Appellee had, in fact, given Appellant notice of the change of address. The only person in Hall's investigation that asserted such notice was given was Appellee. Subsequently, Appellant, based on Hall's recommendation, denied payment under the policy. Under such circumstances, we cannot say Appellant's refusal to pay was not in good faith, warranting a penalty under Tenn. Code Ann. § 56-7-105. Therefore, we vacate this award.

### Conclusion

Based on the foregoing reasons, we affirm the award of $32,000 as the loss covered by the policy and vacate the bad faith penalty of $8,000. Costs of this appeal are taxed equally to Appellee, Delores King, and Appellant, Tennessee Farmers Insurance Company, and its surety for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE