IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 5, 2008 Session

# TODD D. DINGMAN et ux, SHARON DINGMAN, v. RANDY GARRISON and DONNA GARRISON

**Direct Appeal from the Circuit Court for Rhea County**
**No.  25146      Hon. Buddy Perry, Circuit Judge**

---

**No. E2008-01141-COA-R3-CV  - FILED MARCH 3, 2009**

---

This is a factual dispute about whether defendant signed a lease as a tenant and is liable under the terms of the lease.  The Trial Court held defendant liable for damages under the lease.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

J. Arnold Fitzgerald, Dayton, Tennessee, for appellant, Randy Garrison.

Michael S. Pritchard, Chattanooga, Tennessee, for appellees, Todd D. Dingman et ux, Sharon Dingman.

## OPINION

Plaintiffs brought this action against Randy and Donna Garrison, defendants, alleging that defendants leased residential property from plaintiffs, and agreed to maintain the leased premises and to pay for any damages to the premises.  Plaintiffs averred that defendants resided in the home from November 2004 to October 2005, and that after they moved out, plaintiffs discovered that defendants had done substantial damage to the property and failed to pay the rent for the last month of occupancy.  Plaintiffs sought damages in the amount of $9,296.93, plus interest.

Randy Garrison answered, generally denying the allegations in the Complaint, and at the trial on April 7, 2008, the Trial Court awarded a default judgment against defendant Donna

Garrison, and entered a Judgment of $9,296.93 against both defendants.

Randy Garrison has appealed.

We reframe the issue on appeal as whether the Trial Judge erred in finding that defendant Garrison signed the lease and was essentially a co-tenant with Donna Garrison.

Garisson argues the Trial Court erred because he did not sign the lease and therefore was not liable under its terms.

The trial court's findings of fact come to this Court with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The evidence in this case is that Randy Garrison was seen at the residence in question on a daily basis, that he had some dealings with plaintiffs' rental agent regarding repairs, and rent due, and that he applied to have the power turned on to the residence, and that he had a relationship with Donna Moore and knew she held herself out as his wife. He claimed that he did not know she was signing checks on his account until he got his bank statement, but admitted that checks were written over a period of 18 months. He claimed Moore broke into the funeral home and took his blank checks, but admitted he did not file a police report. He claimed not to know anything about the condition of the house, but admitted that he was there at least 2 or 3 times a week. He also claimed not to have signed the lease or any of the checks, but the signature on the lease and some of the checks (including the one for the security deposit and first month's rent) matches the signature on the utility application which he admitted he signed, which is distinctly different from Moore's signature, whether signing as Donna Garrison or Randy Garrison.

The foregoing established that the evidence does not preponderate against the Trial Judge's findings of fact, as the Trial Court's findings were based in part on witness credibility. *See Bingham v. Dyersburg Fabrics, Co., Inc.*, 567 S.W.2d 169, 170 (Tenn. 1978).

Essentially, the Trial Court found this defendant was not a credible witness and was responsible for the rent and damages under the terms of the lease. We affirm the Trial Court's Judgment and remand, with the cost of the appeal assessed to Randy Garrison.

_____
HERSCHEL PICKENS FRANKS, P.J.

-2-