Rene SMITH Plaintiff-Appellee,

v.

Dr. H. Ron SMITH Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Feb. 24, 1983.

Permission to Appeal Denied by
Supreme Court April 18, 1983.

David F. Tucker, Jr., with Tucker & La-Porte, Elizabethton, for defendant-appellant.

John K. Banks, with Street, Banks, Merryman, Bautista & Banks, Elizabethton, for plaintiff-appellee.

OPINION

SANDERS, Judge.

Defendant has appealed from a jury verdict holding the Plaintiff was the owner of an automobile titled in the name of the Defendant.

The Plaintiff-Appellee, Rene Smith, is the daughter of the Defendant-Appellant, Dr. H. Ron Smith. On Christmas day, 1979, Dr. Smith presented his daughter, Rene, with a 1980 model Honda Prelude automobile. Rene was 17 years of age and a senior in

high school. The car was presented by giving Rene a Christmas package containing the keys to the car, with a card that read, "To Rene from Daddy. Be Careful." She was then escorted by Dr. Smith, her two brothers and a family friend to an automobile which was concealed in the garage with a big Christmas ribbon and bow on it and in the front license plate holder was the inscription, "Rene." The automobile was turned over to Rene but the title to the car and the insurance were registered in Dr. Smith's name. The automobile remained in Rene's exclusive custody and control until July, 1981, when Dr. Smith went to the home where Rene was living and took possession of the car.

Soon after Dr. Smith took possession of the automobile Rene filed suit in the circuit court for a writ of possession of the automobile. The case was tried before a jury on the question of the ownership of the automobile.

On the trial of the case it was the insistence of Dr. Smith that his presentation of the automobile to Rene was a conditional gift; she was to have the automobile to drive and if she fulfilled the conditions of the gift title would be transferred to her at age 21.

It was the insistence of Rene, however, that there were no conditions placed on the gift and it was unconditional. She testified her father had repeatedly promised to give her an automobile upon graduation from high school if she made good grades. She had a 3.8 grade average in high school and when the automobile was given to her there were no conditions attached. She testified the only thing her father told her was he didn't want to see any long-haired men driving the car. She testified that since the gift of the car Dr. Smith and her mother had divorced and there had been some family bitterness resulting from this. However, she had the exclusive possession of the automobile and Dr. Smith had exercised no control over it until he picked it up in July.

It was stipulated the title to the automobile was registered in the name of Dr. Smith. He testified he placed specific limitations on the use of the automobile and the title of the automobile was not to be transferred to Rene until she proved she could live up to these conditions. The conditions were that no one else was to drive the car; Rene was to keep the car properly maintained; her grades were to be kept up and she was not to use the car for dating. He explained that his reason for picking up the car was because he had seen other people driving it.

Mr. Ralph Bush, who was a friend of the family, testified he was present on Christmas day when the car was delivered and he heard Dr. Smith advise Rene of the conditions under which she was to use the automobile.

DeVon Smith, brother of Rene, testified Dr. Smith gave him an automobile for Christmas two years before the one was given to Rene but he didn't get title to the car until he was 21.

The jury found the issues in favor of Rene. Dr. Smith's motion for a new trial was overruled and he has appealed.

The first issue raised in Appellant's brief is that "the verdict of the jury is contrary to the law." This issue has been considered by our courts many times and is held to be too broad for consideration.

■ The second issue raised by Appellant is that "the evidence in this cause preponderates in favor of the defendant and against the complainant." Under Rule 13(d) of the Tennessee Rules of Appellate Procedure, this court is required to affirm a judgment entered on a jury verdict if there is any material evidence to support the findings of the jury. We cannot weigh the evidence to determine the preponderance in a case such as this one. *Truan v. Smith,* 578 S.W.2d 73 (Tenn.1979); *Goodman v. Balthrop Constr. Co.,* 626 S.W.2d 21 (Tenn. App.1981). A review of the record shows that there was material evidence from which the jury could have concluded that there was donative intent and a delivery of the car—the necessary elements of an *inter vivos* gift. *See Figuers v. Sherrell,* 181 Tenn. 87, 178 S.W.2d 629 (1944); *Chandler*

*v. Roddy,* 163 Tenn. 338, 43 S.W.2d 397 (1931); *Arnoult v. Griffin,* 490 S.W.2d 701 (Tenn.App.1972).

Appellant's next contention is that the trial court erred in denying his motion for a directed verdict made at the end of the Plaintiff's proof and again at the close of the evidence. Such a motion can be granted only when "there is no material evidence in the record that would support a verdict for the plaintiff, under any of the theories advanced." *Cecil v. Hardin,* 575 S.W.2d 268, 270 (Tenn.1978). "A verdict should be directed only where a reasonable mind could draw but one conclusion." *Crosslin v. Alsup,* 594 S.W.2d 379, 380 (Tenn.1980). Material issues of fact were raised by the proof in the present case and the denial of the motion for a directed verdict was proper. *See Wharton Transp. Corp. v. Bridges,* 606 S.W.2d 521. (Tenn. 1980).

The fourth issue raised by the Appellant is that "the verdict was based on prejudice, passion and caprice." This issue is based on the Appellant's position that the certificate of title was conclusive proof of ownership, which will be addressed below. There is no indication in the record that any improper considerations entered into the verdict.

Appellant's fifth issue on appeal is that the court erred in not charging the jury in accordance with four written special requests. Three of these requests are based on Appellant's erroneous belief that certificate of title is determinative of ownership; the fourth, which deals with the burden of proof, was contained in the charge of the court. Thus, the court did not err in refusing the special requests.

The most serious argument raised by Appellant is that the certificate of title made out to Dr. Smith was conclusive evidence of ownership under Tennessee Code Annotated §§ 55–3–103(a), –118, and 55–12–102(10) (1980). The courts of this state have not interpreted these statutes in such a manner. It has been held a number of times by our courts that the intention of the

parties, not the certificate of title, determines the ownership of an automobile. *Couch v. Cockroft,* 490 S.W.2d 713 (Tenn. App.1972); *Stevens v. State Farm Mut. Auto Ins. Co.,* 59 Tenn.App. 701, 443 S.W.2d 512 (1969); *Mercado v. Travelers Ins. Co.,* 59 Tenn.App. 741, 443 S.W.2d 819 (1969); *Hayes v. Hartford Accident & Indemnity Co.,* 57 Tenn.App. 254, 417 S.W.2d 804 (1967). Under these cases a valid transfer of ownership of an automobile does not depend on compliance with the motor vehicle title laws, which were designed to deter trafficking in stolen cars. *See Hayes v. Hartford Accident & Indem. Co., supra.*

The Appellant relies upon the case of *Royal Indem. Co. v. Clingan,* 364 F.2d 154 (6th Cir.1966) and *First Southern Bank v. Clyde McCullough,* an unreported case filed by the Middle Section of this court January 5, 1982, as supportive of his contention that registration of title is undisputable evidence of ownership.

The *Royal Indem. Co.* case was decided prior to a clear statement of the law in this jurisdiction and is out of harmony with our current decisions. The *First Southern Bank* case is distinguishable in that it involves the rights of a third party who extended credit in reliance on the certificate of title.

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.