IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

**FILED**

**October 16, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FAITH BALLARD,

    Plaintiff-Appellant,

v.

JOHN WETZEL,

    Defendant-Appellee.

) C/A NO. 03A01-9703-CH-00189
)
) ANDERSON CIRCUIT
)
) HON. JAMES B. SCOTT, JR.,
) JUDGE
)
) AFFIRMED AND
) REMANDED


CHRISTOPHER VAN RIPER, STUART & VAN RIPER, Clinton, for Plaintiff-Appellant.

BILL W. PETTY, O'CONNOR , PETTY, CHILD & BOSWELL, Knoxville, for Defendant-Appellee.


**O P I N I O N**


Franks, J.


In this action to recover a Corvette motor vehicle, the Trial Judge, after trial, ruled that the defendant was entitled to possession of the vehicle and said:

> The Court finds . . . the son . . . was the person who was responsible for the disappearance of plaintiff's Corvette automobile.

> The vehicle was taken from the garage of the plaintiff, after being stored in the garage because the Corvette had been substantially damaged due to a previous accident. After the vehicle had been removed from the garage, restoration began.

> The defendant describes the vehicle at the time of beginning restoration as being a mere hull. Plaintiff claimed the vehicle was wrecked, but was whole. Plaintiff claims that she did not immediately report the vehicle stolen, because her son assured her that he was having the vehicle restored for her.

This Court resolves all factual issues in favor of the defendant, Johnny Wetzel. In making this ruling, the Court finds that the defendant was a "good faith purchaser for value" and the auto hull once restored became the property of the defendant by "accession". Any cause the plaintiff would have should be addressed against her son.

This case was tried by the Judge sitting without a jury, and his findings are reviewed *de novo* upon the record, accompanied by a presumption of correctness, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). The evidence does not preponderate against the Trial Judge's determinations.

The Trial Judge correctly determined that defendant was a good faith purchaser for value. A good faith purchaser for value is "one who takes by purchase getting sufficient consideration to support a simple contract, who is honest in the transaction or purchase". 77A C.J.S. *Sales* §233 (1994). T.C.A. §47-1-201(32) defines "purchase" as "taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift, or any other voluntary transaction creating an interest in property." Defendant qualifies as a purchaser because he acquired the car parts by sale and paid valuable consideration.

Defendant also acted in good faith. T.C.A. §47-1-201(19) defines "good faith" as "honesty in fact in the conduct or transaction concerned." Therefore, a buyer is not a good faith purchaser if he had notice "of facts that would put a reasonably prudent person on inquiry." *Liles Bros. & Son v. Wright,* 638 S.W.2d 383 (Tenn. 1982).

In this case, defendant purchased the "hull" from Lambert Auto Parts, whose regular business is selling parts. Also, defendant received a receipt from Lambert's documenting the purchase of the parts from a George Martin. Defendant took additional steps to ensure the parts were not stolen, by checking the VIN numbers through the County Clerk's Office.

The prior meeting between the parties is not sufficient to establish bad

2

faith on the part of defendant. The defendant went to plaintiff's home on one occasion to enquire about Corvette parts for sale. Both parties agreed that plaintiff told him she had no parts for sale. The defendant's sales receipt from Lambert's Auto Parts shows that George Martin purchased the parts from Tyrone Ballard, the plaintiff's son, and there is nothing in the record to put defendant on notice that plaintiff's son did not have auto parts to sell.

The fact that defendant did not obtain a certificate of title at the time of purchasing the parts is not dispositive. We have held the fact that a seller presents no indicia of title is not alone sufficient to demonstrate a buyer's lack of good faith. *Jernigan v. Ham*, 691 S.W.2d 553 (Tenn. App. 1984). In *Jernigan*, the Court noted that it was not customary to ask for title to a used piece of equipment, since it was usually unavailable. *Id.* at 557. Similarly, George Martin testified that he usually received a title when he bought "whole" vehicles. According to his testimony, Martin purchased only a "hull". Moreover, T.C.A. §55-3-201 states that "any owner dismantling . . . any registered vehicle shall immediately forward to the division, the certificate of title." Thus, Martin's subsequent purchasers had no apparent reason to believe that a certificate of title would be available. Also, under Tennessee law, a certificate of title is not required to pass ownership of a motor vehicle. *Smith v. Smith*, 650 S.W.2d 54 (Tenn. App. 1983).

Plaintiff relies on three cases to support her contention that defendant was not a good faith purchaser for value. These cases, however, predate Tennessee's adoption of the Uniform Commercial Code and the cases cited deal with titles to slaves or real property and do not apply in this context.

Defendant's status as a good faith purchaser for value, alone, does not establish good title to the vehicle. T.C.A. §47-2-403 states that "a purchaser of goods acquires all title which his transferor had or had power to transfer. . .". The statute

3

also provides that "[a] person with voidable title has power to transfer a good tile to a good faith purchaser for value." Although the Trial Court correctly determined that the defendant was a good faith purchaser for value, the statute requires that the transferor have at least "voidable" title in order to confer good title.

In this case, the record shows that Tyrone Ballard had no authority to sell plaintiff's vehicle. We have held that the selling of a vehicle without authority to do so constitutes theft. *Butler v. Buick Motor Co.*, 813 S.W.2d 454 (Tenn. App. 1991), *cert denied,* 502 U.S. 911 (1991). If "goods are stolen or otherwise obtained against the will of the owner, only void title can result, and the thief only has void title to the goods." 77A C.J.S. *Sales* §232 (1994). Tyrone Ballard and the subsequent purchasers had a void, not voidable, title. Accordingly, defendant's good faith purchase status is not itself sufficient to create good title under T.C.A. §47-2-403. The defendant, however, as the Court held, acquired good title by accession.

Our courts have held that title may pass, however, to an innocent purchaser, where there is a great disparity in the value between the original article and the new product resulting from the purchaser's labor and/or materials. *Eusco, Inc. V. Huddleston*, 835 S.W.2d 576 (Tenn. 1992); *Capital Chevrolet Co. V. Earheart*, 627 S.W.2d 369 (Tenn. App. 1981).

Defendant acquired title by accession because his labor significantly increased the value of the vehicle. He acquired the hull of a vehicle for $900.00 and spent approximately $5,000.00 restoring the vehicle, and invested approximately 100 hours of restoration labor. There is evidence in the record that the restoration has a market value of $7,950.00. There is ample evidence to support the Trial Court's finding that title passed by accession.

Finally, plaintiff argues that accession cannot apply because there is not adequate disparity between the value of the vehicle when owned by her, and the value

4

of defendant's restore vehicle. The only evidence of the pre-sale value of the vehicle was plaintiff's estimate of its value. Assuming for purposes of argument that this estimate was correct, plaintiff's argument is founded upon an improper comparison. In *Earheart*, the Court did not compare the value of the original Corvette to the value of the restored Corvette. Rather, the Court compared the value of the hull purchased by Sartin to the value Sartin created. Thus, the Trial Court made the proper comparison of value in this case.

We affirm the judgment of the Trial Court and remand at appellant's cost.

_____

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.

5