## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**June 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

WEST AMERICAN INSURANCE )
COMPANY, )
)
     Plaintiff/Appellant, )    Shelby Circuit No. 56414-4 T.D.
)
v. )
)    Appeal No. 02A01-9712-CV-00326
PATRICIA JENNE and )
KATHRYN T. PERKINS, )
)
     Defendants/Appellees. )

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE JAMES E. SWEARENGEN, JUDGE

For the Plaintiff/Appellant:          For the Defendants/Appellees:

Joe Lee Wyatt                David F. Kustoff
William C. Sessions          James S. Strickland, Jr.
Memphis, Tennessee           Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

**OPINION**

In this case, an insurance company sought declaratory judgment on the issue of whether an existing automobile policy provided coverage on a second vehicle acquired by the policy owner. The trial court ruled that the second vehicle was covered. We affirm.

Plaintiff/Appellant West American Insurance Company ("West American") issued an automobile policy to Defendant/Appellee Patricia Jenne ("Jenne") providing coverage for a 1989 Jeep Wrangler. Jenne obtained the policy from Fred Headley ("Headley"), an agent of Clay & Land Insurance Agency. The policy defines the vehicles covered under the policy. "Your covered auto" is any automobile "on the date you become the owner . . . ." Under the policy, this provision applies if: "(a) you acquire the vehicle during the policy period; [and] (b) you ask us to insure it within 30 days after you become the owner . . . ." The policy states that any additional vehicle will have the "broadest coverage we now provide for any vehicle shown in the Declarations."

In late 1992, Jenne acquired a second vehicle, a 1985 Honda Prelude, for her daughter, Defendant/Appellee Kathryn Perkins ("Perkins"). Perkins turned 16 years old and obtained her driver's license in early 1993. On March 20, 1993, Perkins was involved in an automobile accident while driving the Honda. West American denied coverage, asserting that Jenne failed to request insurance coverage on the Honda. West American then filed this action for declaratory judgment, to determine if the Honda was covered under the policy.

At the bench trial in this case, Jenne testified that she contacted Headley on three different occasions regarding Perkins and the potential purchase of an additional vehicle. Jenne testified that she contacted Headley in November, 1992, to inform him that Perkins would be turning sixteen years of age, and that Jenne anticipated purchasing a 1985 Honda Prelude. Jenne stated that she contacted Headley again in December to inform him that she had taken possession of the vehicle but did not yet have title to the vehicle. In addition, Jenne informed Headley that Perkins had not yet obtained her driver's license. Jenne testified that Headley told her that she did not need to amend her policy until Perkins obtained her driver's license or began to drive the vehicle. Jenne stated that on February 23rd, 24th, or 25th, she contacted Headley and informed him that she had obtained title to the vehicle, and that Perkins would be driving the vehicle. Jenne testified that in the same conversation she furnished Headley with the vehicle identification number from the Honda as well as Perkins' driver's license number. Jenne said that Headley told her that the Honda was covered.

Perkins also testified at the trial. Perkins testified that she retrieved the vehicle identification

number from the vehicle during the February telephone conversation between Jenne and Headley. Andy Jones, a friend of Jenne's, also testified that he heard Jenne convey the information to Headley in the telephone conversation. On March 20, 1993, less than thirty days from the time Jenne said that she requested the changes on the policy, Perkins was involved in an automobile accident while driving the Honda[1].

Regarding her ownership of the Honda, Jenne testified that she paid $2,500 of the $3,000 purchase price in November 1992, and that the remaining $500 was paid in February 1993. Jenne testified that she took possession of the car in November upon the seller's request but that she did not receive title until she paid the full purchase price. The seller agreed to make several repairs, with title passing upon final payment. Jenne testified that she considered herself owner of the vehicle when she obtained title on either February 23rd, 24th, or 25th.

West American presented testimony from Headley, the agent at Clay & Land Insurance Agency. Headley testified that Jenne's premiums were late on several occasions, that Jenne had received several cancellation notices and that on one occasion the policy lapsed. Headley testified that on November 13, 1992, he provided Jenne a quote on the amount of the premium on a Honda to be driven by Perkins. Headley asserted that Jenne never requested any changes to her policy and that there was no subsequent communication with Jenne until March 23, 1993, after the automobile accident. Headley stated that, had Jenne asked him to do so, he would have requested the change from the insurer which would have doubled Jenne's premium. West American presented no evidence regarding the intent of Jenne and the seller of the Honda regarding when Jenne became the owner of the Honda. Likewise, West American presented no evidence that Perkins was not covered under the policy; the dispute centered on whether the Honda was covered on the date of the accident.

At the conclusion of the trial, the trial court issued an oral ruling:

> THE COURT: All right. Just last week I was called upon to deny coverage because although a party was in possession, they didn't have legal title to the automobile. Today I'm called upon to deny coverage because they did have possession but did not have legal title.
>
> A case of this kind is decided usually by considering the credibility of the witnesses, and credibility is not based on the number of witnesses who testify to a certain fact or to a certain series of events, but on the weight of the testimony of the

---

[1]Juanita Pierce, an intervening defendant, was the driver of a school bus owned by the city of Memphis which was involved in the March 20, 1993, accident.

individuals and any one individual that is capable of establishing a fact in any area. Credibility in this case would be difficult and probably impossible way to decide it.

What I am impressed with is the statement of the witness that this company provides the broadest kind of coverage and that a newly acquired automobile has a 30-day period within which it would be covered once it is acquired. Taking all of these in consideration I'm going to rule in favor of coverage in this case.

\* \* \*

MR. SESSIONS: You're holding there was coverage, Your Honor?

THE COURT: Yes.

Subsequently, the trial court issued a written order of judgment reaching the same result. In the written order, the trial court found:

It appearing to the Court that a "Personal Auto Policy" with West American Insurance Company bearing Policy No. DPW 05137705 was issued to Ms. Jenne covering a 1989 Jeep Wrangler.

It further appearing to the Court that the West American Insurance Company policy of insurance contained broad based language regarding after acquired vehicles acquired by the insured during the policy period and which policy would provide coverage for an after acquired vehicle if the vehicle were purchased within the policy period and the insured requested within thirty (30) days after becoming the owner that the company insure the after acquired vehicle.

It further appearing to the Court that there was insurance coverage covering Patricia Jenne and Kathryn T. Perkins under Ms. Jenne's personal automobile policy with West American Insurance Company for the 1985 Honda Prelude being driven by Ms. Perkins and which was involved in an automobile accident involving Ms. Perkins on March 20, 1993.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that West American Insurance Company had in full force and effect a policy of insurance for its insured Patricia Jenne, Policy No. DPW 05137705, furnishing coverage for a 1989 Jeep Wrangler and that this policy of insurance furnished coverage for the automobile accident on March 20, 1993 involving Kathryn T. Perkins while driving a 1985 Honda Prelude and that judgment be entered in favor of Defendants . . . .

Thus, the trial court held that insurance coverage existed for Jenne and Perkins under Jenne's personal automobile policy for the 1985 Honda Prelude driven by Perkins on March 20, 1993. From this order, West American now appeals.

On appeal, West American notes that the policy required Jenne to request that West American insure the Honda "within 30 days after becoming the owner" and argues that Jenne failed to do so. West American contends, therefore, that the trial court erred in holding that there was insurance coverage for the Honda on March 20, 1993.

Our review of this case is governed by Tennessee Rule of Appellate Procedure 13(d), which provides that review of findings of fact by the trial court shall be *de novo* upon the record of the trial

3

court, accompanied by a presumption of correctness of the factual findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *see also Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

West American contends that Jenne failed to request insurance for the Honda Prelude within thirty days of becoming owner as required by the policy. West American argues that on November 13, 1992, Jenne contacted Headley because she had received a cancellation notice on the automobile policy, and at that time Jenne inquired about Perkins and the additional vehicle. Headley testified that he provided Jenne a quote for an insurance premium based upon Perkins driving a Honda. West American asserts that Jenne never requested an amendment to her policy and did not contact Headley again until after the accident. Jenne, on the other hand, asserts that she contacted Headley on several occasions regarding an amendment to the policy. Jenne contends that the last communication prior to the accident occurred on February 23rd, 24th or 25th, and that Headley represented to her that the policy covered Perkins and the Honda.

The policy at issue provides that it covers the following vehicles:

J. "Your covered auto" means:
    1. Any vehicle shown in the Declarations.
    2. Any of the following types of vehicles on the date you become the owner:
        a. a private passenger auto . . . .

* * *

This provision (J.2.) applies if:

    a. you acquire the vehicle during the policy period; [and]

    b. you ask us to insure it within 30 days after you become the owner . . . .

* * *

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

The Honda was, of course, an additional vehicle not covered in the policy's Declarations. Thus, for coverage to exist for the Honda on the date of the accident, it must be shown that Jenne asked West American to insure the Honda within 30 days after she became the owner of the Honda.

The intention of the buyer and seller determines when ownership transfers. *Smith v. Smith*, 650 S.W.2d 54, 56 (Tenn. App. 1983) (citing *Couch v. Cockroft*, 490 S.W.2d 713 (Tenn. App. 1972); *Stevens v. State Farm Mut. Auto Ins. Co.*, 59 Tenn. App. 701, 443 S.W.2d 512 (1969);

4

*Mercado v. Travelers Ins. Co.*, 59 Tenn. App. 741, 443 S.W.2d 819 (1969); *Hayes v. Hartford Accident & Indemnity Co.*, 57 Tenn. App. 254, 417 S.W.2d 804 (1967)). Therefore, the date on which Jenne became the "owner" of the Honda must be ascertained.

In this case, some of the pertinent facts are undisputed. It is undisputed that Jenne took possession of the Honda in November, 1992, and paid $2,500 of the $3,000 purchase price. Perkins received her driver's license in the first week of January 1993. The remaining $500 on the purchase price of the Honda was paid on February 4, 1993. Jenne testified that she believed that she did not "own" the Honda until February 1993, when the remainder of the purchase price was paid and she obtained the title to the car. West American presented no evidence on the intent of the seller or the purchaser regarding when ownership of the Honda transferred to Jenne.

Key facts, however, are disputed. The parties agree that Jenne spoke by telephone with the agent, Headley, in November, 1992. Jenne asserts that she notified Headley that her daughter would soon turn sixteen and be driving, and that she anticipated purchasing a 1985 Honda Prelude for her daughter's use. Headley testified that he only gave Jenne a quote on an insurance premium for the Honda. Jenne testified that she called Headley again in December, 1992, and told him that she had possession of the Honda but did not yet have title. Jenne said that she told Headley that Perkins did not yet have her driver's license, and that Headley told her that she did not need to amend her policy until Perkins obtained her license or began to drive the vehicle. Headley denied any contact with Jenne in December, 1992. Jenne also testified that she contacted Headley again on February 23rd, 24th or 25th, 1993, informed him that she had obtained title to the Honda and that Perkins would be driving it, and that Headley told her that the Honda was covered. Headley denies that he had any communication with Jenne until after the accident.

In his oral ruling at the conclusion of the trial, the trial judge stated that he would rule that coverage existed for the Honda on the date of the accident. The trial judge stated: "a case of this kind is decided usually by considering the credibility of the witnesses . . . . Credibility in this case would be a difficult and probably impossible way to decide it."

However, in its subsequent written order, the trial court noted that the policy provided coverage for a newly-acquired vehicle "if the vehicle were purchased within the policy period and the insured requested within thirty (30) days after becoming the owner that the company insure the after acquired vehicle." The trial court then concluded that coverage existed for the Honda on the

5

date of the accident. For the trial court to have concluded that Jenne requested coverage for the Honda "within thirty (30) days after becoming the owner" required an implicit determination of credibility in favor of Jenne, a determination that at least one of the telephone conversations disputed by Headley in fact occurred as Jenne testified. Thus, despite the trial judge's oral statement that deciding the case by determining the credibility of the witnesses would be "difficult," the subsequent written order makes it clear that the trial judge implicitly determined credibility in favor of Jenne.

It is well settled in Tennessee that a court "speaks only through its written judgments." *Whisenhunt v. Whisenhunt*, No. 02A019506CV00126, 1997 WL 305296, at *2 (Tenn. App. June 9, 1997) (citing *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. App. 1979)); *see also Shelby v. Shelby*, 696 S.W.2d 360, 361 (Tenn. App. 1985). An oral statement is of no effect unless it is made part of the written judgment. *Sparkle Laundry & Cleaners, Inc.*, 595 S.W.2d at 93. Therefore, the written order of judgment in this case controls, in which the trial court implicitly determined credibility in favor of Jenne.

Where a case is tried upon oral testimony, the trial judge's finding of fact which is dependent upon the credibility of witnesses is entitled to great weight in the appellate courts. *Gillian v. Gillian*, 776 SW.2d 81, 84 (Tenn. App. 1988) (citing *Fiddler's Inn, Inc. v. Andrews Distributing Co.*, 612 S.W.2d 166 (Tenn. App. 1980)). We decline to second guess the credibility determination of the trial court. *See Bingham v. Dyersburg Fabrics Co., Inc.*, 567 S.W.2d 169, 170 (Tenn. 1978); *Thompson v. Creswell Indus. Supply, Inc.*, 936 S.W.2d 955, 957 (Tenn. App. 1996). The trial judges, unlike appellate judges, have an opportunity to observe the manner and demeanor of the witnesses while they are testifying. *Mitchell v. Archibald*, 971 S.W.2d 25, 29 (Tenn. App. 1998) (citing *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425-26 (Tenn. 1989)). With appropriate deference to the credibility determinations of the trial court, we find that the evidence does not preponderate against the trial court's finding that the existing policy extended coverage to the Honda on the date of the accident.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

6

**CONCUR:**

_____

**W. FRANK CRAWFORD, P. J., W.S.**


_____

**DAVID R. FARMER, J.**