IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 15, 2012 Session

## JAMES LYNCH, SR. v. CLEON PORTIS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002701-07      Robert S. Weiss, Judge**

**No. W2012-00243-COA-R3-CV - Filed August 27, 2012**

The trial court awarded summary judgment to Defendant on Plaintiff's claim for property damages arising from a motor vehicle collision, finding that Plaintiff did not own the vehicle allegedly damaged. On appeal, Plaintiff asserts the trial court erred by awarding summary judgment to Defendant where ownership of the vehicle is a genuine issue of material fact. We reverse the award of summary judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Ricky E. Wilkins and Sharon Harless Loy, Memphis, Tennessee, for the appellant, James Lynch, Sr.

C. Michael Becker, Germantown, Tennessee, for the appellee, Cleon Portis.

### OPINION

This lawsuit arises from a September 2006 collision of a vehicle operated by Plaintiff/Appellant James Lynch, Sr. (Mr. Lynch) and a vehicle operated by Defendant/Appellee Cleon Portis (Mr. Portis). In May 2007, Mr. Lynch filed a complaint in the Circuit Court for Shelby County seeking damages as a result of the collision. In his complaint, Mr. Lynch asserted that on September 27, 2006, at approximately 1:35 P.M., Mr. Portis failed to stop at a red light and struck Mr. Lynch's vehicle as Mr. Lynch was making a right turn onto Third Street in Memphis. Mr. Lynch asserted claims of negligence and negligence *per se.* He sought damages for personal injuries and property damage in the amount of $250,000, and demanded a trial by jury. Mr. Portis answered, denying all

allegations and asserting the defense of comparative fault. Mr. Portis also counter-claimed, asserting a claim of negligence and seeking property damages in the amount of $7,000.

On September 2, 2011, Mr. Portis filed a motion for summary judgment as to Mr. Lynch's claim for property damage. In his motion, Mr. Portis asserted that the undisputed facts demonstrated that Mr. Lynch did not own the vehicle that he was operating at the time of the 2006 collision and, therefore, could not maintain a claim for property damage. In his statement of undisputed facts, Mr. Portis asserted that the certificate of title to the Hyundai Elantra operated by Mr. Lynch at the time of the collision did not list Mr. Lynch as the owner of the vehicle. Mr. Portis further asserted that the vehicle was owned by Devonn Lynch, Mr. Lynch's grandson. Mr. Portis cited Mr. Lynch's deposition testimony of May 25, 2011, as further evidence that Mr. Lynch did not own the vehicle. On September 27, 2011, the trial court entered a consent order dismissing with prejudice Mr. Portis's counter-claim and all claims asserted by Mr. Lynch except Mr. Lynch's claim for property damage.

Mr. Lynch responded to the motion for summary judgment on November 3, 2011. In his response, Mr. Lynch did not dispute that the vehicle was not registered in his name, but asserted that he was the owner of the vehicle. Mr. Lynch stated that the certificate of title to the vehicle listed "Devonn D. Lynch or Jacqueline F. Lynch, 425 E. Norwood, Memphis," his grandson and daughter, as the "registered owners." He further asserted that neither Devonn Lynch ("Devonn") nor Jacqueline Lynch ("Jacqueline") resided at 425 E. Norwood; that Devonn had purchased the vehicle but had transferred ownership to Mr. Lynch before being deployed as part of his military service; that Mr. Lynch maintained insurance coverage on the vehicle, maintained the vehicle, and operated it without permission or control of others; and that neither Devonn nor Jacqueline asserted an ownership interest in the vehicle. Mr. Lynch additionally asserted that, when he responded "yes" to opposing counsel's deposition question regarding whether the Elantra operated by Mr. Lynch at the time of the collision was the vehicle "owned by Devonn Lynch," he meant that Devonn was the registered owner of the vehicle. Mr Lynch referenced his affidavit of November 2, 2011, in support of his explanation of his deposition response.

In his response to Mr. Lynch's response in opposition to summary judgment, Mr. Portis submitted that Mr. Lynch's assertion of ownership contradicted Mr. Lynch's deposition testimony. Mr. Portis asserted that the contradictory statements therefore canceled each other and were no evidence of the fact to be proved. Mr. Portis submitted that Mr. Lynch did not testify to being confused by counsel's questions at deposition, and asserted that Mr. Lynch had testified that Devonn was the owner of the vehicle.

Following a hearing on December 2, 2011, the trial court granted Mr. Portis's motion for summary judgment. The trial court entered final judgment in the matter on January 3,

2012, and Mr. Lynch filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Lynch presents the following issues for our review:

(1)     Whether Plaintiff's affidavit explains and clarifies his incomplete deposition testimony and raises additional disputed material facts making summary judgment inappropriate.

(2)     Whether the trial court improperly weighed the evidence, judged the credibility of the witness, and failed to view the challenged evidence in the light most favorable to the opponent of the motion for summary judgment.

(3)     Whether the ownership of the motor vehicle remains a disputed material fact.

### *Standard of Review*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review the trial court's disposition of a motion for summary judgment *de novo*, with no presumption of correctness. *Mills v. Fulmarque, Inc.*, 60 S.W.3d 362, 366 (Tenn. 2012).

### *Discussion*

On appeal, Mr. Lynch asserts a genuine issue of material fact exists regarding ownership of the vehicle allegedly damaged in the 2006 collision. Mr. Lynch asserts that, although the certificate of title to the vehicle undisputedly names Devonn and Jacqueline as the registered owners, he and his grandson intended that Mr. Lynch own the vehicle. Mr. Lynch further asserts that, although he stated in his deposition that his grandson owned the vehicle, he intended the statement to mean only that his grandson was the "registered owner." Mr. Lynch asserts that he clarified this statement in his November 2011 affidavit. He contends that, in his affidavit, he explained his understanding of the deposition question, and that his claim of ownership is not inconsistent with his deposition testimony as he perceived the question of ownership. He asserts that he maintained liability insurance on the vehicle, that he maintained the vehicle, that only he operated the vehicle, and that his grandson has

been deployed as a member of the United States military and, therefore, exerted no control over the vehicle. Mr. Lynch argues that the issue of ownership is therefore a genuine issue of material fact precluding summary judgment.

Mr. Portis, on the other hand, asserts there is no evidence to support Mr. Lynch's assertion that he owns the vehicle. Mr. Portis asserts the cancellation rule precludes consideration of the assertions made by Mr. Lynch in his affidavit. He contends that Mr. Lynch affirmatively stated in his deposition that his grandson owned the vehicle; that Mr. Lynch's assertion to the contrary in his affidavit is inconsistent with his deposition testimony; and that the cancellation rule serves to exclude Mr. Lynch's inconsistent statements regarding ownership. Mr. Portis submits that the only evidence of ownership other than Mr. Lynch's inconsistent statements is the certificate of title, which undisputedly does not name Mr. Lynch as owner.

Under Tennessee law, ownership of a vehicle is not conclusively determined by the certificate of title. *Smith v. Smith*, 650 S.W.2d 54, 56 (Tenn. Ct. App. 1983). Rather, ownership is determined by the intent of the parties. *Id.* Ownership is a question of fact. *Brewer v. Brewer*, No. M2010–00768–COA–R3C, 2011 WL 532267, at *4 (Tenn. Ct. App. Feb.14, 2011)(citing *Cunningham v. Dep't of Safety*, No. 01A01–9509–CH–00411, 1997 WL 266851, at *2 (Tenn. Ct. App. May 21, 1997)). Evidence regarding

> (1) the circumstances surrounding the vehicle's purchase, (2) the registration of the vehicle, (3) all aspects of insuring the vehicle, (4) all parties' financial stake in the vehicle, (5) the actual possession of the vehicle, (6) the responsibility of bearing the expense of operating, maintaining, and licensing the vehicle, and (7) the ultimate right to control the vehicle and to make major decisions concerning the vehicle such as its use and restrictions on its use or the sale or other disposition of the vehicle

may be considered and weighed by the trier of fact to determine ownership of a vehicle. *Id.* at *5 (quoting *Cunningham*, 1997 WL 266851, at *2 (footnotes omitted); *see also In re Estate of Carter*, No. W2009–01765–COA–R3–CV, 2010 WL 1404419, at *4 (Tenn. Ct. App. Apr.8, 2010)).

We turn first to Mr. Lynch's assertion that his affidavit explained and clarified his deposition testimony, and to Mr. Portis's assertion that the cancellation rule applies in this case. We recently discussed the cancellation rule in *Rochelle v. Grange Mutual Casualty Company*. Under the cancellation rule, when a witness makes contradictory statements on the same question of fact, the statements cancel each other and, therefore, do not amount to evidence of the fact. *Rochelle v. Grange Mut. Cas. Co.*, No. M2011–02697–COA–R3–CV,

2012 WL 3104901, at *7 (Tenn. Ct. App. July 31, 2012)(quoting Cohen, *et al., Tennessee Law of Evidence* § 6.07[5] (footnotes omitted)).  In *Rochelle*, we observed that the rule raises neither a question of credibility nor of weight of the evidence.  *Id.*  Rather, the rule cancels the witness's testimony regarding the particular fact.  *Id.*

As we stated in *Rochelle*, however, "'this rule is actually more narrow than it would appear to be.'"  *Id.*  Application of the cancellation rule may be "blocked" by corroborating evidence.  *Id.*  Further, the rule may not be applied where the inconsistency is explained.  *Id.*  As we observed in *Rochelle*,

> [n]o sensible decision holds that a witness's testimony on a fact is automatically discounted simply because the witness contradicted himself or herself on that fact. Rather, the court assesses whether there is an explanation for the inconsistency and whether either version is corroborated by other evidence. The courts recognize that testimony may have value even though it has been both affirmed and denied if the contradiction is explained and shown to be the product of misunderstanding or inadvertence.

*Id.*  Additionally, "'[w]hen the cancellation rule is invoked at the summary judgment stage to challenge evidence opposing the motion, the courts must view the challenged evidence in the light most favorable to the opponent of the motion.'"  *Id.* (quoting *Helderman v. Smolin*, 179 S.W.3d 493, 502 (Tenn. Ct. App. 2005) (quoting *Church v. Perales*, 39 S.W.3d 149, 170 (Tenn. Ct. App. 2000))).

In this case, Mr. Lynch asserts that he explained in his affidavit in response to Mr. Portis's motion for summary judgment that, when he was questioned regarding ownership when deposed, he understood the question to refer to legal ownership or title to the vehicle. In his November 2011 affidavit, Mr. Lynch stated:

3.      At the time of the collision, I was driving a 2001 Hyundai Elantra (hereinafter the "vehicle").

4.      At the time of the collision, the vehicle was registered to "Devonn D. Lynch or Jacqueline F. Lynch."

5.      The vehicle's certificate lists the "registered owners" as to "Devonn D. Lynch or Jacqueline F. Lynch[.]"

. . . .

10.     Devonn Lynch is my grandson.

. . . .

12. The vehicle was originally purchased by Devonn Lynch on or about March 10, 2001.

13. At the time Devonn Lych purchased the vehicle, he was in the military and stationed at Fort Riley, Kansas.

14. Prior to my deposition testimony, and in response to Defendant's First Set of Interrogatories and Request for Production of Documents, I (1) informed Defendant that the "registered owner" of the vehicle on the date of collision was "Devonn D. Lynch or Jacqueline F. Lynch" . . . and (2) produced a copy of the Certificate of Title to the vehicle[.]

15. At my deposition, taken on May 25, 2011, counsel for Defendant stated that "it looks like you were driving a Hyundai Elantra?" I answered "yes." Defendant's counsel then stated "[and] that was owned by Devonn Lynch?" I answered "yes."

16. When I answered "yes" to the statement that the vehicle "was owned by Devonn Lynch," I meant that Devonn Lynch was the registered owner of the vehicle at the time of the collision, consistent with my interrogatory response.

17. I did not understand that Defendant's counsel's question meant anything other than that Devonn Lych was the registered owner of the vehicle.

18. Before the collision, Devonn Lynch was deployed as part of his military service.

19. Shortly before Devonn Lynch deployed, he transferred ownership of the Hyundai Elantra to me.

20. Both Devonn Lynch and I intended that the ownership of the vehicle be transferred to me.
. . . .

23. I then assumed all responsibility for the automobile.

24.    I then purchased liability insurance on the vehicle in my name, consistent with my intent to assume ownership of the vehicle.

Mr. Lynch attached a copy of a Direct General Insurance Agency personal auto policy renewal declarations page to his response, which named him as the "insured" under a policy covering the 2001 Elantra.

Upon review of the record, we note that, as Mr. Portis acknowledged at oral argument of this matter, deposition questioning regarding evidence of ownership of the vehicle did not extend to questions of insurance, control, or operation of the vehicle. Further, it is not disputed that Mr. Lynch was not examined by Plaintiff's counsel when his deposition was taken. Our review of the deposition contained in the record confirms the content and style of the questions and answers were as recited by Mr. Lynch in his affidavit. This was the only discussion regarding ownership contained in Mr. Lynch's deposition. We additionally note that, in his first set of interrogatories, Mr. Portis asked:

Please state the year, model and style of the motor vehicle which was allegedly damaged as a result of the collision which is the subject of this lawsuit and state the full name of the *registered owner* on the date of the occurrence that is the subject of this lawsuit. (Emphasis added.)

As Mr. Lynch does not dispute, he is not named as the registered owner of the vehicle on the certificate of title, and responded "yes" when asked whether the vehicle allegedly damaged in the collision was the Elantra that was "owned" by Devonn Lynch. In light of the explanation offered in his affidavit, however, and the policy of insurance which corroborates his claim of ownership, the cancellation rule does not apply in this case for the purposes of summary judgment to block Mr. Lynch's assertion that he "owns" the vehicle notwithstanding the certificate of title.

We further note that, if the cancellation rule were to apply to this case, a genuine issue of material fact would nonetheless remain regarding ownership of the vehicle. We note that, despite Mr. Portis's reliance on Mr. Lynch's deposition testimony regarding "ownership" of the vehicle, application of the cancellation rule would block Mr. Lynch's deposition testimony regarding ownership as well as the assertions made in his affidavit. Additionally, contrary to Mr. Portis's assertion that the certificate of title would be the only evidence of ownership contained in the record, the record also contains documentary evidence that Mr. Lynch is the named insured on a policy of insurance applicable to the vehicle. This insurance policy is evidence of ownership. Additionally, Mr. Portis does not dispute that Devonn was deployed by the United States military when the collision occurred, and therefore did not exert control over the vehicle. Accordingly, the evidence contained in the record, including

both the certificate of title and the policy of insurance, creates a genuine issue of material fact precluding summary judgment in this case.

We next turn to Mr. Lynch's assertion that the trial court appears to have based its judgment on an assessment of credibility. It is well-settled that a determination of witness credibility is not appropriately resolved by summary judgment. *See Sherrill v. Souder*, 325 S.W.3d 584, 590, n. 3 (Tenn. 2010)(citation omitted); *Mise v. Methodist Medical Center of Oak Ridge*, No. E2011–01325–COA–R3CV, 2012 WL 1392358, at *10 (Tenn. Ct. App. April 23, 2012). Rather, witness credibility is an issue of fact which, like other issues of fact, must be construed in favor of the nonmoving party when considering a summary judgment motion. *Id.* Accordingly, insofar as the trial court based its finding that Mr. Lynch did not own the vehicle on a credibility determination, we must reverse the award of summary judgment.

Under the standard of review applicable to this case, the party moving for summary judgment may carry its burden by "(1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)). An "assertion that the nonmoving party has no evidence" will not suffice. *Id.* at 84 (citation omitted). "[E]vidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Id.* (citation omitted). Rather, "[t]he moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." *Id.* at 83 (citing *Hannan*, 270 S.W.3d at 5). In order to negate an essential element, "the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." *Id.* at 84 (citation omitted). The motion for summary judgment must be denied if the moving party does not make the required showing. *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

In light of the entirety of the record, Mr. Portis has failed to carry his burden to produce evidence affirmatively negating an essential element of Mr. Lynch's claim or to demonstrate that Mr. Lynch would be unable to prove his claim at trial. We agree with Mr. Lynch that a genuine issue of material fact exists with respect to ownership of the vehicle in this case.

***Holding***

In light of the foregoing, the trial court's award of summary judgment to Mr. Portis is reversed. This matter is remanded for further proceedings. Costs of this appeal are taxed to the appellee, Cleon Portis.

_____
DAVID R. FARMER, JUDGE