IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2026

**BRIDGET MATHIS v. JASON MATHIS**

**Appeal from the Chancery Court for Wayne County**
**No. 2023-CV-6721  Jessica Parrish, Judge**
_____

**No. M2024-01800-COA-R3-CV**
_____

Husband/Appellant failed to answer Wife/Appellee's complaint for divorce.  On Wife's motion, the trial court granted default judgment against Husband.  Husband moved to set aside the default judgment, and the trial court denied his motion.  Husband appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

W. MARK WARD, SR. J., delivered the opinion of the court, in which JOHN W. MCCLARTY, P.J., E.S., and W. NEAL MCBRAYER, J., joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the appellant, Jason Dale Mathis.

Brandon E. White, Columbia, Tennessee, for the appellee, Bridget Mathis.

**OPINION**

**I. Background**

Appellant Jason Dale Mathis ("Husband") and Appellee Bridget Mathis ("Wife") were married on April 30, 2005.  On August 17, 2023, Wife filed her original complaint for divorce in the Chancery Court for Wayne County ("trial court"). On May 23, 2024, Wife filed an amended complaint for divorce.  Husband did not file an answer to either the original or the amended complaint. On August 6, 2024, Wife filed a motion for default judgment under Tennessee Rule of Civil Procedure 55.01.  Therein, Wife averred that, although "Husband was personally served with Wife's Amended Complaint for Divorce and Summons" on May 24, 2024, he failed to file an answer or responsive pleading within

30 days as required by Tennessee Rule of Civil Procedure 12.01. Accordingly, Wife asked the trial court to "enter a default judgment against Husband and to proceed to a final hearing . . . ." Husband did not respond to Wife's motion for default judgment, and the trial court proceeded to hear the motion and complaint for divorce on August 16, 2024. By order of August 19, 2024, the trial court granted Wife's motion for default judgment. The trial court noted that, "Mr. Mathis has not filed an Answer nor any other responsive pleadings in this case and is therefore not properly before the Court in a legal sense; however, Mr. Mathis was physically present for the hearing." By the same order, the trial court granted Wife a divorce and divided the marital assets and debts.

On September 17, 2024, Husband filed a motion to set aside the default judgment, wherein he argued, in relevant part:

> 3. On the appointed court date of August 16, 2024, Mr. Mathis appeared before the Court and voiced his opposition to the relief sought in the divorce complaint. However, the Court found him to be in default and would [not] allow him to speak nor introduce any evidence.
> 5. Due to Defendant's mistake, inadvertence, surprise or excusable neglect the judgment by default was entered against him. Defendant is an unsophisticated person who is unfamiliar with the Rules of Civil Procedure. Defendant was under the impression that he would be allowed to present his side of the case and introduce evidence to the Court if he appeared on August 16, 2024.
> 4. The Court ultimately entered an order dividing the parties' assets and liabilities. The allocation of the assets and liabilities is not equitable. . . .
> 5. There were significant gaps in the proof that was presented to the Court on August 16, 2024. Specifically, the Court heard no proof regarding: Mr. Mathis's "ability and earning Capacity"; his "education and training"; his acquisition(s), asset(s), nor income since the time of the parties' separation"; "proof of any separate property for consideration"; "Mr. Mathis's current economic status"; nor proof regarding the amount of Mrs. Mathis's retirement account with General Motors. The Court heard only one side of the proof on other issues, most notably the value of the parties' real property and actions by the parties that contributed to its acquisition, maintenance and preservation. Further, the Court was unclear "what percentage of the student loan debt was incurred by Ms. Mathis prior to the parties' marriage and what percentage of the student loan debt was incurred by Ms. Mathis after the parties' marriage", yet the Court still assessed 25% of the $75,785.00 student loan debt to Mr. Mathis.
> 6. Defendant has hired counsel and desires to participate in this case.
> 7. Good cause exists such that this Court should set aside the Order Granting Motion for Default Judgment and Final Decree of Divorce pursuant to

Tennessee Rules of Civil Procedure 55.02 and 60.02.[1]

On October 16, 2024, Wife filed a response in opposition to Husband's motion to set aside the default judgment. On October 18, 2024, the trial court heard Husband's motion and denied it by order of November 4, 2024. The trial court's findings are discussed below.

After Husband filed a timely notice of appeal, Wife filed a motion to dismiss the appeal based on Husband's failure to provide a transcript or Tennessee Rule of Civil Appellate Procedure 24(c) statement of the evidence. By order of May 7, 2025, this Court denied the motion to dismiss and ordered Husband to file a statement of the evidence in the trial court within seven days of our order. On April 17, 2025, the trial court approved and entered a statement of the evidence, which encompasses both the August 16, 2024 hearing on Wife's motion for default judgment and complaint for divorce, and the October 18, 2024 hearing on Husband's motion to set aside the default judgment.

---

[1] As a point of practice, we note that Husband's motion to set aside the default judgment was filed on September 17, 2024, which was less than 30 days after the trial court entered its order granting the default judgment on August 19, 2024. As such, Tennessee Rule of Civil Procedure 60 relief (from final judgments) was not available. Nonetheless, in the context of motions to set aside default judgments, the Tennessee Supreme Court has explained:

> We recognize that Rule 55.02 refers specifically to Rule 60.02. Certainly, if a default judgment has become final, the appropriate method to seek relief from the judgment is in accordance with Rule 60.02, which addresses itself to relief from final judgments. *See* [***Discover Bank v. Morgan***, 363 S.W.3d 479], at 489-90 [(Tenn. 2012)]. However, a judgment that has not become final is a different matter. As this Court recognized in ***Discover Bank***, for thirty days after entry of a default judgment, a party may seek relief "premised upon Rule 59." *Id*. at 489. . . .
> Certainly, there is "considerable overlap" between Rule 59.04 and Rule 60.02 in the context of seeking relief from a default judgment. ***Henry*** [***v. Goins***], 104 S.W.3d [475,] at 480 [(Tenn. 2003)]. For example, this Court has recognized the availability of relief under Rule 59 on the ground of excusable neglect. *See **Discover Bank***, 363 S.W.3d at 492 ("Rule 59.04 and Rule 60.02(1) each provide a vehicle for seeking relief from orders entered as a result of 'mistake, inadvertence, or excusable neglect' by a party's counsel.") (quoting ***Ferguson v. Brown***, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008))); ***Campbell v. Archer***, 555 S.W.2d 110, 112-13 (Tenn. 1977)); *see also **Pryor** [**v. Rivergate Meadows Apartment Assocs. Ltd. P'ship***, 338 S.W.3d [882,] at 885 [(Tenn. Ct. App. 2009)]. However, Rule 60.02 addresses relief from final judgments.

***Youree v. Recovery House of East Tennessee,*** LLC, 705 S.W.3d 193, 205 (Tenn. 2025). As discussed, *infra*, Husband sought relief from the default judgment on the ground of excusable neglect. Because both Rule 60.02 (which Husband cites in his motion to set aside) and Rule 59 (the applicable rule for non-final judgments) allow for relief from judgments on the ground of excusable neglect, Husband's citation to Rule 60, although incorrect, is not fatal to his motion.

## II. Issues

Husband raises the following issues as stated in his brief:

I. The trial court erred by finding Mr. Mathis in default when he appeared in court for the trial on August 16, 2024.
II. The trial court erred by not allowing Mr. Mathis to participate in the hearing which occurred on August 1[6], 2024.
III. The trial court erred by not setting aside the default judgment upon timely filed motion of Mr. Mathis.

Wife asks this Court to award her attorney's fees and expenses incurred in defending this appeal.

## III. Standard of Review

The decision to grant or deny a motion for default judgment, and the decision to grant or deny a motion to set aside a default judgment are both within the sound discretion of the trial court. ***Parks v. Mid-Atl. Fin. Co., Inc.***, 343 S.W.3d 792, 798 (Tenn. Ct. App. 2011) ("We have held that the decision whether or not to grant a default judgment as well as the decision whether to grant relief from a default judgment is reviewed for abuse of discretion."); ***DeLong v. Vanderbilt Univ.***, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citations omitted) (addressing a motion to set aside a default judgment); ***Helena Agri Enterprises, LLC v. Lane***, No. W2024-01552-COA-R3-CV, 2025 WL 1905364 (Tenn. Ct. App. July 10, 2025) (addressing the grant of a motion for default judgment). We review the trial court's ruling denying a Tennessee Rule of Civil Procedure 55.02 motion to set aside a default judgment under an abuse of discretion standard. ***Tenn. Farmers Mut. Ins. Co. v. DeBruce***, 586 S.W.3d 901, 905 (Tenn. 2019) (citations omitted).

> A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" ***Henderson*** [***v. SAIA, Inc.***], 318 S.W.3d [328,] at 335[(Tenn. 2010)] (quoting ***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010)). We presume that the trial court's discretionary decision is correct, and we review the evidence in the light most favorable to the trial court's decision. ***Id.*** (quoting ***Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999) and citing ***Keisling v. Keisling***, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005)).

***Id***.

This case was tried without a jury. As such, "[o]ur review is de novo upon the record of the proceedings below with a presumption of correctness as to the trial court's factual

findings unless the evidence preponderates against those findings." ***Barnes v. Barnes***, 193 S.W.3d 495, 498 (Tenn. 2006) (citing Tenn. R. App. P. 13(d)). However, the trial court's conclusions of law are reviewed de novo and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

Furthermore, we are cognizant of the fact that, until he filed the motion to set aside the default judgment, Husband was not represented by counsel in the trial court. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Murray v. Miracle***, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also* ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." ***Young***, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

### IV. Analysis

### A. Grant of Default Judgment

Husband first argues that the trial court erred in granting a default judgment against him for his failure to timely respond to Wife's complaint. Tennessee Rule of Civil Procedure 55.01 provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered." As noted above, we review a trial court's decision to grant a default judgment for an abuse of discretion. ***Helena Agri Enterprises***, 2025 WL 1905364, at \*2 (citing ***State ex rel. Jones v. Looper***, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); ***Patterson v. Rockwell Int'l***, 665 S.W.2d 96, 100 (Tenn. 1994)). This Court has cautioned that:

> "A default judgment, while a necessary part of a trial court's repertoire, is a big stick that should not be wielded haphazardly. Default judgments should

be granted only when a defendant (1) makes no appearance in the case, in spite of being properly served, (2) appears, but fails to respond to the complaint, or (3) disobeys a pretrial order directing defendant to comply with some procedural requirement."

*In re Connor B.*, 603 S.W.3d 773, 782 (Tenn. Ct. App. 2020) (quoting *First Union Nat'l Bank of Tenn. V. Abercrombie*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003)).

As set out in his motion to set aside the default judgment, discussed *infra*, Husband admits that he "was served with the Amended Complaint for Divorce on or about May 24, 2024." Despite receiving service, it is undisputed that Husband failed to timely respond to Wife's complaint. *See* Tenn. R. Civ. P. 12.01 (stating that "[a] defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant."). As set out in the statement of the evidence, Husband

> testified that he received a copy of the summons when he was served with the divorce papers. He admitted . . . to the language on the face of the document that the summons contained language directing him to "file his defense with the clerk of the court and send a copy to the plaintiff's attorney" and that his failure to do so could result in a judgment by default being entered against him.

Furthermore, it is undisputed that Husband was properly served with Wife's motion for default judgment, but he failed to file a written response to same. Rather, Husband simply showed up for the August 16, 2024 hearing. In his brief, Husband cites the language of Tennessee Rule of Civil Procedure 55.01 allowing default judgment where a party has either "failed to plead" or "otherwise defend." Husband concedes that he "failed to plead," but he contends that his appearance at the August 16, 2024 hearing satisfied the "otherwise defend" criterion such that default judgment was not warranted. Specifically, he states:

> In this case a Motion for Default Judgment was filed on August 6, 2024, with a hearing date scheduled for August 16, 2024. On the appointed court date of August 16, 2024, Mr. Mathis appeared before the Court and voiced his opposition to the relief sought in the divorce complaint. However, the Court found him to be in default and would not allow him to speak nor introduce any evidence. Mr. Mathis alleges that the Court's decision to find him in default was improper due to him actually appearing in court on the hearing date and evidencing his desire to participate in the litigation.
> Tenn. R. Civ. P. 55.01 states in part "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … judgment by default may be entered…" Clearly we know what "has failed to plead" means: the defendant has failed to file a written response

to the complaint filed against him or her. But what is meant by the phrase "or otherwise defend" as used in the rule? What must one do to "otherwise defend" a lawsuit? It is not outlined in the rule what exactly one must do to "otherwise defend" a lawsuit. Mr. Mathis argues that Rule 55.01 contemplates exactly what he did in this case: come to court and defend his case even in spite of the fact that he had not filed an answer.

Husband's argument is unpersuasive insofar as it ignores the prepositional phrase, "as provided by these rules," which immediately follows the "otherwise defend" language on which he relies. In interpreting this rule, we are guided by the well-established rules applicable to statutory construction under which "we presume that every word in the statute has meaning and purpose and should be given full effect . . . ." *Larsen–Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010) (citing *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005)). Furthermore, in interpreting the rule, we will give the words their natural and ordinary meaning, *Frazier v. East Tenn. Baptist Hosp., Inc*., 55 S.W.3d 925, 928 (Tenn. 2001), and we "will also construe the words in a manner consistent with the rules of grammar and common usage." *In re Rulan G.*, No. E2016-02523-COA-R3-PT, 2017 WL 2805194, at *8 (Tenn. Ct. App. June 28, 2017). In context, Rule 55.01 provides for default judgment when a party "has failed to plead or otherwise defend **as provided by these rules**." (Emphasis added). Although Husband would have us ignore the highlighted language, we must give it effect in interpreting the rule. In doing so, we read the highlighted phrase to mean that any mechanism by which a party may "plead" or "otherwise defend" must be "provided by these rules[, *i.e.* The Rules of Civil Procedure]." From our review, the Rules of Civil Procedure do not contemplate a scenario where a party fails to respond to a complaint or related motion(s) and waits until the hearing to defend the lawsuit. Rather, Tennessee Rules of Civil Procedure 7 through 11 contemplate the mechanisms by which a party may "plead." "As provided by these rules," and as relevant here: "there **shall** be a complaint **and** an answer . . .," Tenn. R. Civ. P. 7.01; "[a] party **shall** state . . . his or her defenses to each claim asserts and **shall** admit or deny the averments upon which the adverse party relies," Tenn. R. Civ. P. 8.02. The language used in these rules is mandatory, *i.e.,* "**shall** be a complaint **and** an answer"; "**shall** state . . . his or her defenses." *See, e.g.,* ***Rumsey v Regions Morgan Keegan Trust***, No. M2024-00913-COA-R3-CV, 2025 WL 2840384, *3 (Tenn. Ct. App. Oct. 7, 2025) (interpreting the word "shall" as mandatory in the context of the Rules of Civil Procedure). In addition to these mandatory pleading requirements, which Appellant admittedly did not satisfy, Tennessee Rule of Civil Procedure 12 outlines other avenues by which a party may raise "defenses and objections" to a lawsuit. For example, "[e]very defense, in law or fact, to a claim for relief in any pleading . . . **shall** be asserted in the responsive pleading," Tenn. R. Civ. P. 12.02. (Emphasis added). Furthermore, "any party may move for judgment on the pleadings." Tenn. R. Civ. P. 12.03. Moreover, under Tennessee Rule of Civil Procedure 12.05, "[a] party may move for a more definite statement before interposing a responsive pleading." These are just a few examples of how a party may "otherwise defend" against a lawsuit. Here, Husband did nothing to defend the lawsuit "as provided by these rules." Indeed, the

foregoing rules provide mechanisms for defending a lawsuit through answer or motion, but not by mere appearance. As set out in Tennessee Rule of Civil Procedure 12.08, "A party waives all defenses and objections which the party does not present **either by motion . . . or . . . in the party's answer** or reply, or any amendments thereto . . ." (emphasis added).[2] The Tennessee Supreme Court has explained that a trial court's ability to grant default judgment under Tennessee Rule of Civil Procedure 55.01 "serves the important policy of enforcing compliance with our rules of procedure and facilitating the speedy determination of litigation." ***Youree v. Recovery House of East Tennessee,*** LLC, 705 S.W.3d 193, 203 (Tenn. 2025) (citing *Cf.* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2693, at 97 (3d ed. 1998)). Here, Husband clearly failed to comply with the foregoing rules, and his mere presence at the hearing constitutes neither an answer, nor a defense to Wife's complaint. Accordingly, the trial court did not abuse its discretion in granting a default judgment against him. Tenn. R. Civ. P. 55.01 ("[w]hen a party . . . has failed to plead or otherwise defend as provided by these rules . . . judgment by default may be entered."). Having determined that the trial court did not err in granting Wife's motion for default judgment, we now turn to the question of whether Husband was entitled to relief from the default judgment.

### B. Denial of Motion to Set Aside the Default Judgment

Under Tennessee Rule of Civil Procedure 55.02, "for good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tennessee Rule of Civil Procedure 60.02 provides, in pertinent part, that a party may be relieved from a judgment for: "mistake, inadvertence, surprise or excusable neglect"; or "any other reason justifying relief from the operation of the judgment." "[T]he burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." ***Tennessee Dep't of Hum. Servs. v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985) (citation omitted). As set out in his motion to set aside the default judgment, Husband asserts that his failure to answer Wife's complaint was "[d]ue to [] mistake, inadvertence, surprise or excusable neglect." Specifically, Husband asserts that he "is an unsophisticated person who is unfamiliar with the Rules of Civil Procedure," and that he "was under the impression that he would be allowed to present his side of the case and introduce evidence to the Court if he appeared on August 16, 2024." Accordingly, Husband asserts that, "[g]ood cause exists" to "set aside the Order Granting Motion for Default Judgment and Final Decree of Divorce pursuant to Tennessee Rules of Civil Procedure 55.02 and 60.02."

---

[2] We further noted that Husband's failure to file a response to Wife's motion for default judgment violates Rule 26.02 of the Local Rules of Practice for the Circuit Court, Chancery Court, Criminal Court and Probate Court of Wayne County, which states, in relevant part, that "[r]esponses to motions . . . or any other matters being presented in opposition to motions must be filed and served no later than forty-eight (48) hours (excluding weekends and holidays) in advance of the hearing on the motion."

A court must consider three factors when determining if a default judgment should be vacated due to mistake, inadvertence, excusable neglect, or fraud: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. ***Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship***, 338 S.W.3d 882, 886 (Tenn. Ct. App. 2009) (citations omitted). When a party seeks relief from a default judgment due to "excusable neglect," a reviewing court must first determine whether the conduct precipitating the default was willful. ***Discover Bank***, 363 S.W.3d at 494. Tennessee courts have found that willfulness includes "conduct that is flagrant and unexplained." ***Hayes v. Hayes***, No. M2006-02356-COA-R3-CV, 2007 WL 2580026, at *2 (Tenn. Ct. App. Sept. 6, 2007) (citing ***Munday v. Brown***, 617 S.W.2d 897 (Tenn. Ct. App. 1981)). "If the court finds that the defaulting party has acted willfully, the judgment cannot be set aside on "excusable neglect" grounds, and the court need not consider the other factors." ***Discover Bank***, 363 S.W.3d at 494. In its order denying Husband's motion to set aside the default judgment, the trial court found that Husband's failure to respond to the lawsuit was willful, to-wit:

> In the instant case, this Court must first address whether Mr. Mathis's conduct was willful. The Tennessee Supreme Court in ***Discover Bank*** determined that willfulness is a threshold issue. This Court has considered the testimony it heard today from Mr. Mathis regarding his knowledge of the proceedings; that Mr. Mathis saw the summons and knew that he had thirty (30) days to respond; and that he even came to the courthouse in an effort to speak with the Clerk & Master's Office, but did not have any type of written documentation to attempt to file. The Court does not find Mr. Mathis's testimony credible that the deputy clerk with whom he spoke refused to accept any documentation from him and does not find Mr. Mathis's testimony credible that the deputy clerk told him that he would have to retain an attorney in order to file any responsive pleadings. The Clerk & Master's Office is not allowed to give legal advice and will frequently direct litigants to attorneys for legal questions; the role of the Clerk & Master's Office is merely to accept and file documents.
>
> Further, the timeframe for proceeding on a default judgment as to the Amended Complaint was satisfied. Mr. Mathis was served with the Amended Complaint on May 24, 2024, and the default hearing did not occur until August 16, 2024. The Court also notes that Ms. Mathis filed her original pro se Complaint for Divorce on August 17, 2023, and Ms. Mathis's request for a divorce from Mr. Mathis was not something of which Mr. Mathis was unaware. The Court considers Mr. Mathis's knowledge of the pending divorce case over the course of an entire year relative to the willfulness of his conduct during that year. The Court finds that Mr. Mathis was unwilling to act and failed to act in any way leading up to the default hearing.
>
> The most damaging evidence to Mr. Mathis's request to set aside the default judgment is the text message admitted into evidence at the instant

hearing in which Mr. Mathis told Ms. Mathis, "SURPRISE, EVERYHING WAS DONE ON PURPOSE" (laughing emojis omitted). The Court does not know how there could even be an argument around the fact that Mr. Mathis's conduct was willful. Even according to Mr. Mathis's own statements made to Ms. Mathis via text message, Mr. Mathis's decision not to participate in the case leading up to the default hearing was willful and intentional. The Court finds that Mr. Mathis acted willfully in failing to participate in this case and in failing to file an Answer or other responsive pleading.

The approved statement of the evidence supports the trial court's findings. Concerning Husband's assertion that he attempted to file a handwritten answer that was refused by the Clerk and Master, the statement of the evidence provides that, at the hearing on his motion to set aside the default judgment, Husband

> testified that he tried to file a handwritten answer to the complaint, but that he was turned away by deputy clerk Monica Wray in the Clerk & Master's office, and that she would not let him file his hand-written response.

***

> The second witness to testify was Chasity Berlin, the Clerk and Master for Wayne County. She testified that she had been the Clerk and Master for Wayne County, Tennessee, for approximately six years. She testified that she has one full-time deputy clerk and two part-time deputy clerks working for her. She testified that one of the deputy clerks is named Monica Wray. She testified that [neither] she nor her deputy clerks are allowed to give legal advice. She testified that her deputy clerks are instructed to file any document which is presented to them by a litigant or their attorney. She testified that she doubted that Monica [W]ray refused to accept Mr. Mathis' Answer for filing as he had testified.

Here, the trial court made a specific finding that Husband's testimony regarding his attempt to file an answer was not credible. As the Tennessee Supreme Court has explained:

> Unlike appellate courts, trial courts are able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility. *See* ***State v. Pruett***, 788 S.W.2d 559, 561 (Tenn. 1990); ***Bowman v. Bowman***, 836 S.W.2d 563, 566 (Tenn. Ct. App.1991). Thus, trial courts are in the most favorable position to resolve factual disputes hinging on credibility determinations. *See* ***Tenn-Tex Properties v. Brownell–Electro, Inc.***, 778 S.W.2d 423, 425-26 (Tenn.1989); ***Mitchell v. Archibald,*** 971 S.W.2d 25, 29 (Tenn. Ct. App.1998). Accordingly, appellate courts will not re-evaluate a trial judge's assessment of witness credibility

- 10 -

absent clear and convincing evidence to the contrary. *See **Humphrey v. David Witherspoon, Inc.**,* 734 S.W.2d 315, 315-16 (Tenn.1987); ***Bingham v. Dyersburg Fabrics Co., Inc.**,* 567 S.W.2d 169, 170 (Tenn.1978).

***Wells v. Tennessee Bd. of Regents***, 9 S.W.3d 779, 784 (Tenn. 1999).

The statement of the evidence further provides that Husband

testified that he received a copy of the summons when he was served with the divorce papers. He admitted when directed by opposing counsel to the language on the face of the document that the summons contained language directing him to "file his defense with the clerk of the court and send a copy to the plaintiff's attorney" and that his failure to do so could result in a judgment by default being entered against him. He testified that he did not read the small print on the face of the summons. He testified that he didn't graduate from high school, but had received a GED. But he testified that he knew that he needed to file an answer to the Amended Complaint within thirty days of receiving it. He also admitted that on August 17, 2024, the day after the hearing on the default judgment, he sent a text message to Mrs. Mathis stating "SURPRISE (crying face emojis) EVERYTHING WAS DONE ON PURPOSE". This text message was made an exhibit to the hearing.

We have previously noted that "a pro se litigant must comply with the same rules that lawyers must observe." ***Watson***, 448 S.W.3d at 926. So, in the first instance, Husband's assertions that he "is an unsophisticated person who is unfamiliar with the Rules of Civil Procedure," does not excuse his failure to comply with them. As set out above, the Rules of Civil Procedure outline the procedures for pleading and otherwise defending against lawsuits. Although Husband asserts that he "was under the impression that he would be allowed to present his side of the case and introduce evidence to the Court if he appeared on August 16, 2024," such scenario is not contemplated under the rules, *see discussion above*. Regardless of his understanding of the Rules of Civil Procedure, as set out in the statement of the evidence, Husband "admitted that the summons contained language directing him to 'file his defense **with the clerk of the court** and send a copy to the plaintiff's attorney.'" (Emphasis added). This admission indicates that Husband was aware that he was required to do something more than merely appear at the hearing; he was required to "file his defense with the clerk of court." Furthermore, the statement of the evidence indicates that Husband understood "that his failure to do so could result in a judgment by default being entered against him." The fact that Husband "testified that he did not read the small print on the face of the summons" does not constitute excusable neglect especially in view of his testimony "that he knew that he needed to file an answer to the Amended Complaint within thirty days of receiving it." From the record, it appears that Husband was aware of the requirement that he answer the complaint, but he simply

- 11 -

ignored the requirement. Any excuse that his inaction was not willful is negated by the text Husband sent to Wife stating "SURPRISE (crying face emojis) EVERYTHING WAS DONE ON PURPOSE." From the text, there can be no doubt that Husband's failure to answer Wife's complaint was a product of willful gamesmanship, and not the product of any excusable neglect. For these reasons, we conclude that the trial court did not abuse its discretion in denying Husband's motion to set aside the default judgment.

## V. Frivolous Appeal

Wife asks for an award of appellate attorney's fees and costs under Tennessee Code Annotated section 27-1-122, which provides that,

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. An appeal is frivolous when it has 'no reasonable chance of success,' *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999), or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). In such cases, "'[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals.'" *Id.* at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). Whether an award of frivolous appeal damages is warranted rests solely in this Court's discretion, *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009), and we exercise such discretion "sparingly so as not to discourage legitimate appeals." *Whalum*, 224 S.W.3d at 181. Based on our review of the record, and in the exercise of our discretion, we decline to award damages on the basis of frivolous appeal.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment. Appellee's request for frivolous appeal damages is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Jason Mathis. Because Mr. Mathis is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ W. Mark Ward
W. MARK WARD, SENIOR JUDGE